**MARBRO FOODS, INC., an Illinois corporation, Plaintiff,**

v.

**UNITED STATES of America, and United States Department of Agriculture, Defendants.**

**No. 68 C 888.**

United States District Court
N. D. Illinois, E. D.

Dec. 23, 1968.

Samuel Allen, Chicago, Ill., for plaintiff.

Thomas A. Foran, U. S. Atty., Chicago, Ramsey Clark, Atty. Gen. of United States, District of Columbia, Washington, D. C., Dennis M. Doyle, Director, United States Dept. of Agriculture, Consumer and Marketing Service, Chicago, Ill., for defendants.

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ROBSON, District Judge.

The defendant has moved for a summary judgment. This court is of the opinion the motion should be granted.

The plaintiff operates a supermarket commonly known as the N & S Certified, 3175 West Madison Street, Chicago, Illinois, and is a participant in the

---

Federal Food Stamp Program. Under the program, only foods defined by the Act as "eligible" may be purchased in exchange for food stamp coupons through authorized retail food stores. Title 7, U.S.C.A. § 2011 et seq.

On five separate days in July, 1967, three shoppers of the Department of Agriculture officially visited the plaintiff in connection with an investigation. On all five occasions, these professional shoppers used food stamp coupons to purchase non-food items deemed ineligible under the Food Stamp Act. Title 7, U.S.C.A. § 2012(b); 7 C.F.R. § 1600.-2(i). In each of these five irregular transactions, cash was given as change, in violation of the rules and regulations. 7 C.F.R. § 1600.2(d). The record shows that the plaintiff had been previously warned on numerous occasions over a two-year period concerning irregular transactions on visits by employees of the Department of Agriculture.

The Consumer and Marketing Service sent the plaintiff a letter of charges, dated September 21, 1967, advising the plaintiff of its alleged violations and of its right to respond. On September 27, 1967, Alan Nabat, Vice President of N & S Certified, visited the Cook County Field Office of the Food Stamp Program to answer the letter of charges. He stated that he had no first-hand knowledge and could not deny nor admit any of the twelve (12) charges contained in the letter. After a review and evaluation of this matter, the Officer in Charge of the Cook County Field Office recommended that the plaintiff be disqualified from participation in the Food Stamp Program for a period of sixty (60) days. The Midwest Director concurred and recommended the 60-day period of disqualification to the Director of the Food Stamp Division, Washington, D.C., who issued the recommended order.

On January 9, 1968, the plaintiff requested a review by the Food Stamp Review Officer, Washington, D. C., stating that Alan Nabat had given each cashier specific instructions concerning the Food Stamp Program, that the cashiers understood the rules and regulations, that one of the clerks involved in the irregular transactions had been discharged, that the owners knew nothing of the violations and tried to prevent them from occurring, and that the violations were committed without the consent or knowledge of the plaintiff. After the Food Stamp Review Officer affirmed the 60-day disqualification, the plaintiff brought this action for judicial review. The disqualification period has been stayed pending review.

The plaintiff does not deny the alleged irregular transactions, but alleges that the officers of its corporation knew nothing of the violations charged, tried to prevent the violations and that the violations occurred without their consent. However, a corporation is responsible for the acts of its agents even though the acts are committed without the knowledge of the officers of the corporation. Gleason v. Seaboard Air Line Railway Co., 278 U.S. 349, 49 S.Ct. 161, 73 L.Ed. 415 (1929); United States v. United States Cartridge Co., 198 F.2d 456 (8th Cir. 1952). The record shows that the plaintiff was disqualified from further participation in the Food Stamp Program by the Consumer and Marketing Service for a reasonable, definitely-stated period of time because of its failure to comply with the Food Stamp Act and its regulations. The scope of judicial review for administrative decisions made under the Food Stamp Program was limited by Congress to a determination as to whether the agency's decision is valid. Title 7, U.S.C.A. § 2022. Findings of an administrative agency are to be accepted upon judicial review unless they are unsupported by substantial evidence. O'Leary v. Brown-Pacific-Maxon, Inc., et al., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951). The pleadings clearly contain substantial evidence to support the agency's decision in disqualifying the plaintiff from participation in the Food Stamp Program for 60 days.

For the foregoing reasons, it is ordered that the defendant's motion for summary judgment be, and it is hereby granted, and the cause is hereby dismissed, with costs to the plaintiff.