**SAVE MORE OF GARY, INC.**

v.

**UNITED STATES of America.**

Civ. No. 4795.

United States District Court,
N. D. Indiana,
Hammond Division.

Jan. 13, 1970.

Gilbert A. Horn, Acting Reg. Atty., Judith C. Smith, Atty., Dept. of Agriculture, Chicago, Ill., Alfred W. Moellering, U. S. Atty., J. Frank Kimbrough, Asst. U. S. Atty., Hammond, Ind., for the Government.

Libit, Lindauer & Henry, Chicago, Ill., Clarence Greenwald, Gary, Ind., for plaintiff.

MEMORANDUM

BEAMER, District Judge.

Plaintiff operates a supermarket in Gary, Indiana, and participates in the Federal Food Stamp Program. The Food Stamp Review Officer has made a determination that plaintiff should be disqualified from the Food Stamp Program for a period of 30 days. Pursuant to Title 7 U.S.C. § 2022 plaintiff has appealed from that decision.

"The scope of judicial review for administrative decisions made under the Food Stamp Program was limited by Congress to a determination as to whether the agency's decision is valid. Title 7 U.S.C.A. § 2022." Marbro Foods, Inc. v. United States, 293 F.Supp. 754 (N.D.Ill.1968). The provisions for the disqualification of a food store are contained in 7 U.S.C. § 2020:

> Any approved retail food store or wholesale food concern may be disqualified from further participation

in the food stamp program on a finding, made as specified in the regulations, that such store or concern has violated any of the provisions of this chapter, or of the regulations issued pursuant to this chapter. Such disqualification shall be for such period of time as may be determined in accordance with regulations issued pursuant to this chapter. * * *

The record in this case shows that there were in fact violations of the provisions of the Food Stamp Act, the procedures of the act have been complied with, and the penalty imposed is not arbitrary or unduly harsh. The administrative determination in question is held to be valid.

The affidavits and exhibits on file show that plaintiff has been guilty of violations of the Food Stamp Act. Only foods which are "eligible" under the act may be purchased with food stamp coupons. An investigation by the Department of Agriculture disclosed that plaintiff allowed food stamp purchases of goods such as alcoholic beverages, paper products, soap and imported products, items not eligible under the program. The affidavits of the shoppers utilized by the Department of Agriculture also show that defendant was guilty of giving due bills in excess of the 49¢ limit imposed by the regulations under the act.

Plaintiff contends that the sales in question were made by employees who were confused or mistaken. Plaintiff states that a six pack of beer can be easily mistaken for a six pack of a soft drink, that the foreign made goods involved were not clearly identifiable as being imported, and that mistakes of this sort are to be expected in a store with the volume of business that plaintiff handles. Further, plaintiff contends that, although the Food Stamp Program had been in effect for over 9 months, the personnel involved were not familiar with the working of the program.

Plaintiff's contentions amount to excuses which could be taken into account by the Food Stamp Review Officer when determining the period of disqualification. However, they are not sufficient here to challenge the validity of the disqualification itself. Under 7 U.S.C. § 2020 a store may be disqualified if it has violated any of the provisions of the Food Stamp Act. The record clearly establishes such violations. The 30 day disqualification here does not seem unduly harsh or arbitrary. In the *Marbro* case cited above violations similar to those here resulted in a 60 day disqualification.

There are no genuine issues as to any material fact. It is the opinion of this court that the decision to disqualify plaintiff was valid and therefore defendant is entitled to a judgment as a matter of law. Defendant's motion for summary judgment is granted.