**William L. MARTIN, Plaintiff-Appellee,**

v.

**UNITED STATES of America,
Defendant-Appellant.**

**No. 71–1763.**

United States Court of Appeals,
Sixth Circuit.

April 21, 1972.

Michael Kimmel, Atty., Dept. of Justice, Washington, D. C., for defendant-appellant; L. Patrick Gray, III, Asst. Atty. Gen., Alan S. Rosenthal, Attys., Dept. of Justice, Washington, D. C., Charles H. Anderson, U. S. Atty., Nashville, Tenn., on brief.

Richard D. Taylor, Nashville, Tenn., for plaintiff-appellee; Glasgow, Adams & Taylor, Nashville, Tenn., on brief.

Before WEICK, EDWARDS and McCREE, Circuit Judges.

WEICK, Circuit Judge.

The complaint filed in the District Court sought to review the validity of a final determination by the Secretary of Agriculture disqualifying two retail food stores owned by the plaintiff from participation in the Food Stamp Program, for a period of six months, because of violation of the Food Stamp Act of 1964 [1] and regulations applicable thereto.[2]

It was undisputed that there had been repeated violations of the Act by plaintiff's employees in both stores, in accepting food stamps in exchange for non-food items, notwithstanding the fact that when the stores were authorized to participate in the program, officials from the Department of Agriculture visited the stores for orientation purposes and gave instructions as to the law and the applicable regulations.

Complaints concerning the violations had been made to the local office of the Secretary and his agents then made an investigation and purchased ineligible items at both stores. Plaintiff blamed the occurrences on turnover of employees in his stores and on his negligence in failing to set up a program to instruct new employees when they were hired.

The District Court upheld the disqualification of the two stores but undertook to reduce the period of disqualification from six months to thirty days. It was the view of the Court that the suspension of six months ordered by the Secretary was too harsh.

The Secretary has appealed. The only question raised in the appeal is as to the authority of the District Court to modify the sanction.

Section 4(a) of the Act provides that food stamps "shall be used only to purchase food".[3] The applicable regulation contains the same provision.[4]

Section 11 of the Act provides for the disqualification of a store from participation in the program for violation of the Act or any regulation. The period of disqualification was authorized to be fixed by regulation.[5] The regulation authorized suspension from participation in the program for a reasonable period of time, not to exceed three years.[6]

Thus, we have a clear case of admitted violations and sanctions imposed by the Secretary well within the range of his authority, expressly conferred on him by statute and regulation.

Judicial review is provided under Section 13 of the Act [7] as follows:

"If the store or concern feels aggrieved by such final determination he may obtain judicial review thereof by filing a complaint against the United States . . . requesting the court to set aside such determination. . . . The suit . . . shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue. If the court determines that such administrative action is invalid it shall enter such judgment or order as it determines is in accordance with the law and the evidence."

The statute authorizes a review only on the merits of the case, and not on the period of disqualification.

1. 7 U.S.C. § 2020.

2. 7 C.F.R. § 272.6(a).

3. 7 U.S.C. § 2013(a).

4. 7 C.F.R. § 272(b).

5. 7 U.S.C. § 2013(a).

6. 7 C.F.R. § 272.6.

7. 7 U.S.C. § 2022.

It will be noted that the review is de novo of the "final determination" of disqualification. The reviewing court is authorized to "determine the validity of the questioned administrative action in issue." The Court did make that determination by holding that the stores were disqualified from participation in the Food Stamp Program because of the admitted repeated violations. Upon making that determination the jurisdiction of the Court ended.

The statute authorized the Court to "enter such judgment or order as it determines is in accordance with the law and the evidence" only if it determined that the administrative action is invalid. Here the Court made no such determination of invalidity.

In the Act, no authority was conferred on the District Court to change the period of suspension ordered by the Secretary, or to impose new sanctions.[8]

The sanctions imposed by the Secretary of Agriculture under the Commodities Exchange Act have been held to be not subject to judicial review. G. H. Miller & Co. v. United States, 260 F.2d 286, 296 (7th Cir. en banc 1958), cert. denied, 359 U.S. 907, 79 S.Ct. 582, 3 L. Ed.2d 572 (1959). To the same effect under the Perishable Agricultural Commodities Act, Eastern Produce Co. v. Benson, 278 F.2d 606, 610 (3d Cir. 1960). We see no substantial difference between the review provided by these Acts and that provided by the Food Stamp Act.

We hold that the reviewing court lacked authority to change the sanctions imposed by the Secretary.

Reversed.

EDWARDS, Circuit Judge (dissenting).

Congress saw fit to provide for "a trial de novo" in the District Court. Under any normal construction of legal language, such a grant of power gives to the reviewing court all the power that the court or agency below possessed, including the power to enter a disposition or judgment different from that originally entered.

The usual definition of trial de novo is:

"trial de novo. A trial anew, a re-trial in a superior court on an appeal of the case from an inferior court." Ballentine's Law Dictionary 1300 (2d ed. 1948).

Corpus Juris Secundum heads its section on Trial De Novo with these words:

"A trial de novo is a trial had as though no action whatever had been instituted in the court below, a new trial in an appellate tribunal." 5 C.J.S. Appeal & Error § 1524 (1958).

My brothers construe the language which follows "trial de novo by the court" as a limitation upon that term. On its face, however, the phrase "in which the court shall determine the validity of the questioned administrative action in issue" describes but does not limit.

As I read the statute the majority's construction reads into the statute the word "solely" which Congress saw fit not to employ.

I do not deny that there is force to the arguments of my brethren. But rather than accept what I believe to be misuse of the term "trial de novo" I would refer the Secretary to Congress to seek amend-

---

8. In mentioning that the sanctions imposed by the Secretary were too harsh, the Court referred to lesser sanctions imposed in reported cases (two District Court cases), and the practice in his District of granting probation in untaxed liquor cases and in other similar criminal cases. The Court also mentioned the fact that since the disqualification, plaintiff had sold one of his stores and opened two new stores, both of which had been qualified by the Secretary under the Act. We think the comparisons were irrelevant. The fact that new stores were qualified cannot excuse violations in the other stores.

ment of the statute in the event his construction proves to represent Congressional intent.

I would affirm the judgment of the District Court.