**Harry L. WELCH, t/a Harry Welch General Merchandise, Appellee,**

v.

**UNITED STATES of America, Appellant.**

**No. 71-2019.**

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1972.

Decided July 11, 1972.

Butzner, Circuit Judge, concurred and filed an opinion.

Michael Kimmel, Atty., Dept. of Justice (L. Patrick Gray, III, Asst. Atty. Gen., and Alan S. Rosenthal, Atty., Dept. of Justice, and John K. Grisso, U.S. Atty., on the brief) for appellant.

James M. Morris, Manning, S.C., on the brief, for appellee.

Before BOREMAN, Senior Circuit Judge, and BUTZNER and FIELD, Circuit Judges.

FIELD, Circuit Judge:

The sole question on this appeal is whether under the Food Stamp Act of 1964 [1] a district court may reduce an administratively imposed sanction for admitted violations of the Act when the sanction so imposed is within the allowable range of the statute and implementing regulations.

The plaintiff, Welch, is the owner of a retail grocery store which in July of 1968 became authorized to participate in the Food Stamp Program. Although

1. 7 U.S.C. § 2011 et seq.

Welch was briefed on the requirements of the program, in February of 1969 a representative of the Department of Agriculture visited his store and observed the sale of an ineligible item.[2] As a result of this incident a warning letter was sent to Welch. Thereafter, early in the year of 1970 an investigation of the Welch store was initiated and on four occasions "shoppers" of the Department exchanged food stamps for ineligible items and, additionally, secured cash as change in excess of forty-nine cents.[3] Two clerks of Welch were involved in these transactions. By letter of May 6, 1970, Welch was advised that as a result of these violations his store would be disqualified from participation in the program for a period of sixty days.

Welch exercised his right of administrative review,[4] but the Food Stamp Review Officer found no basis to change the disqualification. Thereafter, this action was filed in the district court pursuant to Section 13 of the Act, 7 U.S.C. § 2022, to review the validity of the administrative action. Counsel for Welch and the government filed a stipulation in the district court in which the plaintiff admitted the violations and stated that he sought relief "on the sole ground that the sixty-day period of disqualification is unduly harsh and arbitrary under the facts in this matter." After hearing the testimony of the plaintiff and a representative of the Department, the district court entered an order in which it found that the viola-

tions had occurred, but concluded that "[a] sixty-day period of disqualification is unduly harsh for the non-deliberate type of violations committed by plaintiff's agents." The district court ordered the period of suspension reduced from sixty to thirty days and it is from this order that the government appeals.

When the Congress enacted the Food Stamp Act of 1964 it vested the Secretary of Agriculture with authority to issue regulations which he might deem appropriate for the effective administration of the food stamp program, and Section 11 of the Act, 7 U.S.C. § 2020 provides:

> "Any approved retail food store or wholesale food concern may be disqualified from further participation in the food stamp program on a finding, made as specified in the regulations, that such store or concern has violated any of the provisions of this chapter, or of the regulations issued pursuant to this chapter. Such disqualification shall be for such period of time as may be determined in accordance with regulations issued pursuant to this chapter. The action of disqualification shall be subject to review as provided in section 2022 of this title."

The regulation [5] implementing Section 11 reads in part as follows:

> "Any authorized retail food store or authorized wholesale food concern may be disqualified from further participa-

---

2. 7 C.F.R. 270.2(i) provides:
   " 'Eligible food' means any food or food product for human consumption except alcoholic beverages, tobacco, those foods which are identified on the package as being imported, and meat and meat products which are imported." 7 C.F.R. 272.2(b) provides:
   "Coupons shall be accepted by an authorized retail food store only in exchange for eligible foods as defined in 270.2(i) of this chapter."
   The Food Stamp Regulations were issued in 1965 as 7 C.F.R. Pt. 1600–1603. They were transferred on December 30, 1970, with certain changes not here material, to 7 C.F.R. Pt. 270–273. 35 Fed.Reg. 19737. While the

relevant documents and district court records in this case refer to the original C.F.R. designations, the current designations will be used in this opinion.

3. 7 C.F.R. 272.2(d) reads in part:
   "If change in an amount of less than 50 cents is required, the eligible household shall receive the change in cash. At no time may cash change in excess of 49 cents be returned to an eligible household."

4. The authority of the Food Stamp Review Officer, and procedures governing his administrative review are set forth in 7 C.F.R. 273.1 through 273.9.

5. 7 C.F.R. 272.6(a).

tion in the [Food Stamp] Program by FNS [Food and Nutrition Service of the U.S. Department of Agriculture] for a reasonable period of time, not to exceed three years, as FNS may determine, if such retail food store or wholesale food concern fails to comply with the Food Stamp Act of 1964, as amended, or the provisions of this part * * * "

Judicial review of a disqualification is spelled out in Section 13 of the Act, 7 U.S.C. § 2022, as follows:

"Whenever—

(b) a retail food store or a wholesale food concern is disqualified under the provisions of section 2020 of this title

(c) * * * If the store or concern feels aggrieved by such final determination he may obtain judicial review thereof by filing a complaint against the United States in the United States district court for the district in which he resides or is engaged in business, or in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon him, requesting the court to set aside such determination. * * * The suit in the United States district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue. If the court determines that such administrative action is invalid it shall enter such judgment or order as it determines is in accordance with the law and the evidence."

The plaintiff, of course, argues that the words *de novo* authorize the reviewing court to determine not only the issue of the alleged violations but also what sanction, if any, should be imposed. The reach of the judicial review, however, is not unqualified for the trial *de novo* is limited to a determination of the validity of the administrative action,

and the action which is subject to judicial scrutiny is the action of disqualification. Section 11 of the Act specifically states that "[t]he *action* of disqualification shall be subject to review as provided in Section 2022 of this title." (Emphasis added.) If the violations are proven (or, as here, admitted), and if the particular sanction is within the allowable range then the validity of the administrative action has been established.

Reasonably construed, the statutory language does not authorize the court to go beyond the issue of the validity of the disqualification action and modify the period of the administrative sanction. This construction of the statute was adopted by the Sixth Circuit in a case strikingly similar to this. Martin v. United States, 459 F.2d 300 (6 Cir. 1972). In that case although the violations were admitted, the district court had reduced the period of disqualification from six months to thirty days upon the ground that the action of the Secretary was too harsh. The court of appeals reversed the lower court stating that "[t]he statute authorizes a review only on the merits of the case, and not on the period of disqualification." The Seventh Circuit reached a similar conclusion in Save More of Gary, Inc. v. United States, 442 F.2d 36 (7 Cir.1971). There, the district court rejected evidence of mitigating factors, stating that they were elements to be considered by the administrative officers in determining the period of disqualification but were not sufficient to challenge the validity of the disqualification itself. Upon appeal the plaintiff contended that the district court had unduly limited the scope of judicial review. However, the court of appeals affirmed with the observation that the statute authorizes a trial *de novo* only with respect to the validity of the administrative action in issue. This limitation on the scope of the judicial review was also recognized in Marbro Foods, Inc. v. United States, 293 F.Supp. 754 (N.D.Ill.1968), and Farmingdale Supermarket, Inc. v. United

States, 336 F.Supp. 534 (D.C.N.J., decided October 4, 1971).

We are in accord with the conclusions reached in the foregoing cases and hold that the district court exceeded its authority in reducing the administrative sanction.

Reversed.

BUTZNER, Circuit Judge (concurring):

I concur in the judgment of the court, but I reach its result by a different route. I interpret § 13 of the Food Stamp Act, 7 U.S.C. § 2022 (1970), to authorize judicial review of the penalty imposed by the Department on the merchant. But since the administrative decision disqualifying Welch for sixty days was not arbitrary or capricious, it is not invalid. Consequently, I join in reversing the judgment of the district court.

The most important reason for believing that the district court has jurisdiction to review and, if need be, to modify the administrative decision fixing the length of time a merchant is disqualified is the structure of the food stamp program itself. The Act authorizes the Department of Agriculture to designate retailers who are qualified to redeem food stamps. 7 U.S.C. § 2017. To assure compliance with the Act, Congress authorized the Department to disqualify any retailer who violates its provisions. Congress, however, did not fix the maximum period of disqualification. Instead, it authorized the agency to do this by regulation. 7 U.S.C. § 2020. The regulation provides that the Food and Nutrition Service of the Department may suspend a retail food store for a reasonable period of time not to exceed three years, as the Service may determine. 7 C.F.R. § 272.6(a) (1971).

As the government concedes in its brief, neither the Act nor the regulation grants a merchant an evidentiary hearing in the administrative process, either initially or on review. The only hearing allowed by the Act is in the district court. The scope of that hearing is the primary issue before us. The government urges that it is limited to the question of whether the merchant should be disqualified. Adoption of the government's view will deprive the merchant of any hearing—administrative or judicial —on the equally important question of how long he should be disqualified.

At the outset, we should remember: "There is no presumption against judicial review and in favor of administrative absolutism . . . unless that purpose is fairly discernible in the statutory scheme." Association of Data Processing Service Organizations v. Camp, 397 U.S. 150, 157, 90 S.Ct. 827, 831, 25 L.Ed.2d 184 (1970). The government's position can be sustained, it seems to me, only by ignoring that admonition. The district court is charged with review of the "final determination" of the "action of disqualification." 7 U.S.C. §§ 2020 and 2022. The "final determination" made by the administrative reviewing officer deals with two issues: 1) whether the merchant violated the Act; and, 2) if he did, how long he should be denied participation in the program. Both elements comprise the "action of disqualification," and, if we are to follow the teaching of *Data Processing*, both are subject to judicial review. Nothing in the Act refutes this assumption. Indeed, the Act specifically states, in speaking of the scope of judicial review, that "the suit . . . shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue." 7 U.S.C. § 2022. As Judge Edwards, dissenting in Martin v. United States, 459 F.2d 300, 302 (6th Cir.1972), convincingly demonstrates, a trial de novo "gives to the reviewing court all the power that the court or agency below possessed, including the power to enter a disposition or judgment different from that originally entered."

Judge Edwards' conclusion is buttressed by the statutory direction to the district court to "enter such judgment or order as it determines is in accord-

ance with the law and the evidence" when it finds the administrative action is invalid. 7 U.S.C. § 2022. This provision, I believe, is a mandate for the district court to go beyond the threshold question of whether the merchant should be disqualified, and, if need be, to enter judgment on the reasonableness of the duration of his disqualification.

This interpretation of the Act accords with its legislative history. Senate Report No. 1124, 88th Cong., 2d Sess., reprinted at 2 U.S.Code Cong. & Ad. News, pp. 3275, 3276 (1964), states "retailers . . . would have administrative and judicial appeals from . . . withdrawal of approval [to redeem stamps]." Again, the Report states, "The rights of retailers and wholesalers are carefully guarded under the provisions of this act." It continues, "This section [7 N.S.C. § 2022] provides for administrative and judicial review of . . . the disqualification of such a participating concern. . . ." 2 U.S.Code Cong. & Ad. News at p. 3291 (1964). By linking administrative and judicial review without suggesting that they differ in scope, the Report indicates that they are coextensive. Since the duration of disqualification may be reviewed administratively, the Report illustrates that Congress intended that the penalty may also be reviewed judicially.

In sum, from the language of the Act and its legislative history, it appears unlikely that Congress authorized the Department to disqualify a merchant for any period not exceeding its own predetermined maximum without any hearing on the duration of the disqualification.

In the case before us, Welch admits the violations of the Act. He has introduced no evidence that a sixty day suspension is unreasonable or that it is at variance with suspensions meted out to others under similar circumstances. Accordingly, I conclude that the action of the Secretary is valid.