Elsie Inez GOODMAN, Owner
Goodman's Drive-In Grocery,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 74–2140.

United States Court of Appeals,
Fifth Circuit.

Sept. 2, 1975.

Daniel P. Self, Jr., Robert W. Bailey, Meridian, Miss., for plaintiff-appellant.

Robert E. Hauberg, U. S. Atty., Joseph E. Brown, Asst. U. S. Atty., Jackson, Miss., for defendant-appellee.

Before WISDOM, SIMPSON and RONEY, Circuit Judges.

RONEY, Circuit Judge:

In this case, we hold that the judicial review provision of the Food Stamp Act does not limit the court's review to the finding of a violation of the Act by a retail store, but also permits the court to review the *sanction* imposed on the store by the Department of Agriculture. This decision is in accord with the Fourth Circuit, and contrary to the Sixth Circuit, the only other Circuits which have directly addressed the question. An opinion from the Seventh Circuit indicates it may have aligned itself with the Sixth Circuit, contrary to our holding here.

The Food Stamp Act, 7 U.S.C.A. § 2020, empowers the Secretary of Agriculture to disqualify a food store from further participation in the Food Stamp Program on a finding made in accord with the Secretary's regulations that the store violated either the Act or the regulations. The Secretary imposes the sanction of disqualification for a fixed period of time as determined in accordance with his regulations. This appeal questions the scope of judicial review of such an administrative determination under 7 U.S.C.A. § 2022, which provides that a food store aggrieved by a final administrative determination may obtain a "trial de novo" in which a federal district court shall determine "the validity of the questioned administrative action in issue." The pivotal issue on this appeal is whether this judicial review provision of the Food Stamp Act merely encompasses review of the Secretary's underlying determination of violation, or whether the courts must extend their consideration to the validity of the sanction imposed upon violators of the Act or regulations.

Holding that Elsie Inez Goodman, as owner of Goodman's Drive-In Grocery, was validly disqualified from the program for her transgressions, the District Court for the Southern District of Mississippi construed 7 U.S.C.A. § 2022 to preclude any judicial review of the period of disqualification. We reverse the judgment of the district court insofar as it interprets § 2022 to prevent judicial review of the administratively imposed sanction and remand for consideration of whether the sanction in the case *sub judice* is valid and not arbitrary and capricious.

Elsie Inez Goodman is the owner and operator of Goodman's Drive-In Grocery in Meridian, Mississippi. On three separate occasions during the fall of 1971, Celia Spencer and Nora Scarbrough, hourly employees of the United States Department of Agriculture under the direction of Joseph Brooks, an agency inspector, entered Goodman's Drive-In Grocery and exchanged food coupons, or food stamps, for items other than "eligi-

ble food." At the time Spencer and Scarbrough made their purchases, "eligible food" was defined by Food Stamp Regulations, specifically 7 C.F.R. § 270.-2(i) (1971), [substantially the same as 7 C.F.R. § 270.2(s) (1975)], as any food for human consumption ". . . except alcoholic beverages, tobacco, those foods which are identified on the package as being imported, and meat and meat products which are imported." The exchange of ineligible food for food stamps violates the Act. On the basis of the purchases made by Spencer and Scarbrough, the Secretary of Agriculture disqualified Mrs. Goodman, as owner of Goodman's Drive-In Grocery, from participating in the Food Stamp Program for a period of six months.

Mrs. Goodman sought judicial review of the agency's action by filing suit in district court pursuant to 7 U.S.C.A. § 2022. The district court found as a matter of fact that Mrs. Goodman, either personally or through her employee, had accepted food stamps from Spencer and Scarbrough in exchange for ineligible items on three different occasions. Accordingly, the district court affirmed the administrative action of disqualification. The district court refused to review the period of disqualification, however, ruling that it had neither the power nor the authority under 7 U.S.C.A. § 2022 to substitute its judgment for that of the agency in connection with the period of disqualification.

On appeal, Mrs. Goodman presents two arguments for reversal: *first*, that the United States failed to prove by substantial evidence that she, as owner of Goodman's Drive-In Grocery, had violated the provisions of the Food Stamp Act or the regulations; and *second*, that the district court erred in refusing to review the administratively imposed sanction, a six month period of disqualification from participation in the program.

### I.

■ In *Redmond v. United States*, 507 F.2d 1007 (5th Cir. 1975), we held that the burden of proof in the judicial review proceeding provided in 7 U.S.C.A. § 2022 is upon the aggrieved store to establish the invalidity of the administrative action by a preponderance of the evidence. This burden remains with the aggrieved store throughout the trial de novo in the district court. The agency action prevails, unless the store proves that it should be set aside.

In the case at bar, the district court properly placed the burden upon Mrs. Goodman, as owner of Goodman's Drive-In Grocery, to prove the administrative action invalid. On appeal, Mrs. Goodman argues that she met her burden by offering substantial evidence that neither she nor her employee had accepted food stamps for ineligible items at her store. At that point, the burden shifted to the United States to prove by substantial evidence that she had, in fact, committed such violations. Mrs. Goodman now asserts that the United States failed to meet that burden.

The evidence which Mrs. Goodman presented in the district court was in the nature of a denial of the charges against her. Both Mrs. Goodman and her former employee testified that they had not exchanged ineligible items for food stamps. Mrs. Goodman's daughter corroborated their testimony. The United States, as party defendant, presented the testimony of Spencer, Scarbrough and Joseph Brooks, all employees of the Department of Agriculture, to establish that Mrs. Goodman, as owner of the store, had violated the provisions of the Food Stamp Act.

■ In finding that either Mrs. Goodman or her employee had accepted food stamps in exchange for ineligible items on three separate occasions, the district court made essential credibility choices between the witnesses for plaintiff and defendant. The familiar rule is that findings of fact will not be overturned on appeal unless clearly erroneous. F.R. Civ.P. 52(a). A complete record review reveals that the district court's findings of fact are not clearly erroneous. Accordingly, we affirm the district court's

decision to uphold the administrative determination that the grocery violated the Food Stamp Act.

## II.

■ A store which violates the provisions of either the Food Stamp Act or the regulations may be disqualified from further participation in the Food Stamp Program. The Food Stamp Act provides that "[s]uch disqualification shall be for such period of time as may be determined in accordance with regulations issued pursuant to this chapter." 7 U.S.C.A. § 2020.[1] The regulations provide the disqualification may be for a reasonable period of time, not to exceed three years. 7 C.F.R. § 272.6(a) (1975). The critical issue on this appeal is whether the judicial review provision of the Food Stamp Act precludes review of the sanction imposed under 7 C.F.R. § 272.6(a) (1975), once the underlying determination of violation is held to be valid. At least two Circuits have considered the identical issue and have reached differing decisions. A plain reading of § 2022 leads us to conclude that Congress granted the district courts full review of the agency's action when conducting a "de novo" proceeding, including review of the imposed sanction.

The administrative judicial review section of the Act, 7 U.S.C.A. § 2022,[2]

---

1. 7 U.S.C.A. § 2020.

§ 2020. *Disqualification of retail stores and wholesale concerns*

Any approved retail food store or wholesale food concern may be disqualified from further participation in the food stamp program on a finding, made as specified in the regulations, that such store or concern has violated any of the provisions of this chapter, or of the regulations issued pursuant to this chapter. Such disqualification shall be for such period of time as may be determined in accordance with regulations issued pursuant to this chapter. The action of disqualification shall be subject to review as provided in section 2022 of this title.

2. 7 U.S.C.A. § 2022.

§ 2022. Administrative and judicial review

Whenever—

(a) an application of a retail food store or wholesale food concern to participate in the food stamp program is denied,

(b) a retail food store or a wholesale food concern is disqualified under the provisions of section 2020 of this title, or

(c) all or part of any claim of a retail food store or wholesale food concern is denied under the provisions of section 2021 of this title, notice of such administrative action shall be issued to the retail food store or wholesale food concern involved. Such notice shall be delivered by certified mail or personal service. If such store or concern is aggrieved by such action, it may, in accordance with regulations promulgated under this chapter, within ten days of the date of delivery of such notice, file a written request for an opportunity to submit information in support of its position to such person or persons as the regulations may designate. If such a request is not made or if such store or concern fails to submit information in support of its position after filing a request, the administrative determination shall be final. If such a request is made by such store or concern, such information as may be submitted by the store or concern, as well as such other information as may be available, shall be reviewed by the person or persons designated, who shall, subject to the right of judicial review hereinafter provided, make a determination which shall be final and which shall take effect fifteen days after the date of the delivery or service of such final notice of determination. If the store or concern feels aggrieved by such final determination he may obtain judicial review thereof by filing a complaint against the United States in the United States district court for the district in which he resides or is engaged in business, or in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon him, requesting the court to set aside such determination. The copy of the summons and complaint required to be delivered to the official or agency whose order is being attacked shall be sent to the Secretary or such person or persons as he may designate to receive service of process. The suit in the United States district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue. If the court determines that such administrative action is invalid it shall enter such judgment or order as it determines is in accordance with the law and the evidence. During the pendency of such judicial review, or any appeal therefrom, the administrative action under review shall be and

provides that whenever a store is disqualified under the provisions of § 2020, notice of the administrative action is issued, and the store aggrieved by such action may "file a written request for an opportunity to submit information in support of its position" to a Department of Agriculture review body, constituted in accordance with the Secretary's regulations. The Food and Nutrition Service, the currently designated agency review body, is empowered to review evidence which goes to the severity of the penalty, as well as evidence which establishes or refutes the violation itself. 7 C.F.R. § 272.6(b) (1975). "[S]ubject to the right of judicial review," that agency review body will "make a determination which shall be final," *i. e.,* final in the sense that it is the terminal stage in the administrative proceeding. Section 2022 further provides that "[i]f the store or concern feels aggrieved by such final determination he may obtain judicial review thereof." Court action on review "shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue." By following the proper linguistic antecedents within the statute, one can see that the "questioned administrative action" refers to the "determination" by the agency review body, which in turn is a determination of the propriety of the § 2020 disqualification. As previously noted, the § 2020 disqualification includes two components: *first,* the determination that a store has violated the law or the regulations; and *second,* a determination of a period during which the store will be disqualified. Both components are subject to the administrative review procedure. There is no indication in the Act that courts were not to have co-extensive review power.

Congress mandated the district courts to conduct a trial "de novo." The phrase "de novo" means "the court should make an independent determination of the is-

sues." *United States v. First City National Bank,* 386 U.S. 361, 368, 87 S.Ct. 1088, 1093, 18 L.Ed.2d 151 (1967). Certainly the severity of a storeowner's transgression, the factor determinative of the degree of sanction, is a critical issue which agency action necessarily must address, and which the courts must consider during a "de novo" proceeding. We hold that the statutory provision that the review court shall determine the validity of the *questioned* administrative action *in issue* permits an aggrieved party to obtain a court determination of the validity of either the finding of violation, or the sanction, or both.

The Fourth Circuit likewise has ruled that the scope of judicial review under § 2022 extends to the administrative sanction—the disqualification period— even where the storeowner concedes violations of the Act or regulations. *Cross v. United States,* 512 F.2d 1212 (4th Cir. 1975) (en banc). The Fourth Circuit grounded its decision in *Cross* upon considerations of constitutional due process. Reversing the position previously taken by a divided panel in *Welch v. United States,* 464 F.2d 682 (4th Cir. 1972), the Fourth Circuit noted that the agency's procedure for disqualifying a store falls short of providing a due process hearing, and that disqualification from participation in the Food Stamp Program is in a very real sense a deprivation of property. The court therefore construed § 2022 as providing for a full judicial review of agency sanction, thereby adopting a construction which cures apparent constitutional infirmities.

Cautioned by the principle that courts should, where possible, construe statutes in a manner which obviates the resolution of serious constitutional questions, *United States v. Five Gambling Devices,* 346 U.S. 441, 74 S.Ct. 190, 98 L.Ed. 179 (1953); *United States v. Rumely,* 345 U.S. 41, 73 S.Ct. 543, 97 L.Ed. 770 (1953), we reach the same re-

remain in full force and effect, unless an application to the court on not less than ten days' notice, and after hearing thereon and a showing of irreparable injury, the

court temporarily stays such administrative action pending disposition of such trial or appeal.

sult as the Fourth Circuit in *Cross* but arrive at our conclusion by a construction of what seems to us the plain language of the statute and a consideration of the inner workings of the Act, rather than an external application of the considerations of due process. Our reasoning is largely in accord with the dissenting opinion of Judge Edwards in *Martin v. United States,* 459 F.2d 300 (6th Cir. 1972), and the concurring opinion of Judge Butzner in *Welch v. United States,* 464 F.2d 682 (4th Cir. 1972).

The Sixth Circuit by a 2–1 decision in *Martin v. United States, supra,* has held that 7 U.S.C.A. § 2022 does not authorize a review of the period of disqualification where the storeowner admits violations of the Act or regulations. The decision turns on a construction of the language of the statute contrary to ours.

In *Martin,* the storeowner conceded numerous violations of the Act but blamed them on the turnover of employees and on his own negligence in failing to establish a program to instruct new employees when they were hired. The district court upheld the disqualification of the two stores but reduced the period of disqualification from six months to thirty days.

On appeal, the Sixth Circuit construed 7 U.S.C.A. § 2022 to authorize a review only of whether the Act had been violated and not on the period of disqualification. Noting that "the review is de novo of the 'final determination' of disqualification," the court concluded that once the district court had determined that the administrative disqualification of Martin's stores was valid, because of admitted repeated violations, its jurisdiction under § 2022 was exhausted. The court construed the statute to authorize a district court to enter a judgment or order which it determines to be in accordance with the law and the evidence only if the court first decides that the administrative determination of illegal food stamp transactions is invalid.

■ The court apparently equated the term "questioned administrative action," which describes judicial review under § 2022, with the determination on the merits of violation only. Thus the *Martin* court interpreted "administrative action" to exclude the imposition of sanction. We disagree with this interpretation. "Action" is a unitary concept which encompasses both a determination on the merits, and where guilt is established, the meting out of a consequent penalty. Indeed, by the plain meaning of the term, it would seem that "action" against a guilty party is not complete until a sanction is imposed. This conclusion may be inferred from the Government's assertion in its brief that

> the administrative action complained of here was certainly not arbitrary or unduly harsh. The appellant was disqualified from participating in the Food Stamp Program for a period of six months. The Regulations provide for disqualification for a period of up to three years.

Harshness of administrative action necessarily comprehends the imposition of a penalty. By empowering courts to review the agency's final administrative action, Congress granted jurisdiction to review both the determination of violation and the sanctioned period of disqualification.

The Seventh Circuit apparently reached the same conclusion as the *Martin* court in deciding *Save More of Gary, Inc. v. United States,* 442 F.2d 36 (7th Cir. 1971). There the circuit court panel upheld a district court decision which specifically asserted that the scope of judicial review of administrative decisions under the Food Stamp Act is limited to a determination as to whether the agency's decision to disqualify is valid. *Save More of Gary, Inc. v. United States,* 309 F.Supp. 39 (N.D.Ind.1970). The Seventh Circuit opinion, however, is clouded by the fact that it not only failed to address the jurisdictional issue directly, but also it seemingly undercut the district court's interpretation of § 2022 by examining (and rejecting) the merits of appellant's contention that the *length* of disqualification was arbitrary and capricious.

Numerous district courts have held that § 2022 precludes judicial review of the period of disqualification once the administrative determination of violation has been determined to be valid. *Marcus v. United States Department of Agriculture,* 364 F.Supp. 374 (E.D.Pa.1973); *Miller v. United States Department of Agriculture,* 345 F.Supp. 1131 (W.D.Pa. 1972); *Great Atlantic & Pacific Tea Co. v. United States,* 342 F.Supp. 492 (S.D.N. Y.1972); *Farmingdale Supermarket, Inc. v. United States,* 336 F.Supp. 534 (D.N.J. 1971); and *Marbro Foods, Inc. v. United States,* 293 F.Supp. 754 (N.D.Ill.1968).

Noted in *Martin* and here argued as analogous by the Government, the sanctions imposed by the Secretary of Agriculture under both the Commodity Exchange Act and the Perishable Agricultural Commodities Act have been held not to be subject to judicial review. *See G. H. Miller & Co. v. United States,* 260 F.2d 286 (7th Cir. 1958), *cert. denied,* 359 U.S. 907, 79 S.Ct. 582, 3 L.Ed.2d 572 (1959); *Eastern Produce Co. v. Benson,* 278 F.2d 606 (3rd Cir. 1960). The contention: there is no substantial difference between the review provided by those Acts and that provided by the Food Stamp Act. The analogy is not well taken. The Perishable Agricultural Commodities Act and the Commodity Exchange Act, unlike the Food Stamp Act, do not provide for a trial "de novo" at the trial court level. The Perishable Agricultural Commodities Act and the Commodity Exchange Act provide vastly different procedures for judicial review. In both cases the circuit courts of appeals are petitioned directly to review orders of the Secretary of Agriculture, such orders being issued only after completion of full administrative hearings. 28 U.S.C.A. § 2344 (direct appeal to a United States court of appeals from orders of the Secretary of Agriculture made under the Perishable Agricultural Commodities Act); 7 U.S.C.A. § 9 (appeal to a United States court of appeals from orders issued under the Commodity Exchange Act). Furthermore, the statutes themselves articulate an explicit standard for judicial review of these administrative orders. *See Eastern Produce Co. v. Benson, supra; G. H. Miller & Co. v. United States, supra; Great Western Food Distributors v. Brennan,* 201 F.2d 476 (7th Cir.), *cert. denied,* 345 U.S. 997, 73 S.Ct. 1140, 97 L.Ed. 1404 (1953).

Our decision that the district court can review both the determination of violation and the administrative sanction under 7 U.S.C.A. § 2022 necessitates some discussion of the scope of that review.

■ In considering the determination of violation, the district court must uphold that finding as valid unless the storeowner can prove, by a preponderance of evidence, that the agency's determination is factually incorrect. Because violation of the Act or regulations is essentially a question of fact, the district court must review the storeowner's evidence, as well as the Government's, to ascertain whether the agency's determination is supported by the facts.

■ In reviewing the sanction, however, the district court must apply a different standard. The Act vests in the Secretary the authority to devise a scheme of enforcement. 7 U.S.C.A. § 2013(c). The enforcement scheme provided by the regulations permits an authorized food store to be disqualified from participation in the program for not more than three years if the agency finds that the retailer has failed to comply with the Act or regulations. 7 C.F.R. § 272.6(a) (1975) *et seq.* The determination of the specific period of disqualification is an exercise of administrative discretion. We agree with the Fourth Circuit's statement of the standard to which trial courts must adhere when reviewing the sanction imposed by the Department of Agriculture:

To be "valid," a sanction must not be arbitrary and capricious, and a sanction is arbitrary and capricious if it is unwarranted in law or without justification in fact. Thus, the scope of review of a sanction is not as broad as

the scope of review of the fact of violation.

*Cross v. United States, supra* at 1218.

Should the district court conclude that the sanction is invalid, the court would be empowered under § 2022 to enter "such judgment or order as it determines is in accordance with the law and the evidence." Should the district court find the violations less egregious than those upon which the administrative sanction was premised, it may well remand the case for further consideration by the agency. We do not attempt guidelines for district court action, however. The remedies available to the court upon a finding of invalidity, for whatever reason, is best left to the initial consideration of the district court.

■ The United States contends that, even though the district court may have committed error in refusing to review the sanction, Mrs. Goodman had the opportunity to present evidence as to the arbitrary and capricious nature of the period of disqualification but failed to do so before the district court. The United States argues, therefore, that there is no reason to remand this case for a review of the sanction because Mrs. Goodman has already had her day in court on this issue. The record and argument indicate, however, that even though the court made no final determination of the issue until the close of the case, the attitude of the Government and the indications of the court may well have caused the plaintiff not to address this issue directly either by evidence or argument.

We hold that Mrs. Goodman has not had her day in the district court on this issue. We affirm the district court's finding that the Food Stamp Act was violated, but we reverse that court's judgment that it lacked jurisdiction to review the validity of the sanction. We remand for further proceedings on that issue.

Affirmed in part, reversed and remanded in part.