**Keith NOWICKI, d/b/a K & F Food Market, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 75–1685.**

United States Court of Appeals, Seventh Circuit.

Argued April 7, 1976.

Decided June 22, 1976.

Rehearing Denied Aug. 5, 1976.

---

Robert E. Kopp, Michael Kimmel, Attys., Dept. of Justice, Civ. Div., App. Section, Washington, D. C., for defendant-appellant.

Robert J. DuComb, Jr., South Bend, Ind., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, BAUER, Circuit Judge, and WYZANSKI, Senior District Judge.*

* The Honorable Charles Edward Wyzanski, Jr., Senior United States District Judge for the District of Massachusetts, is sitting by designation.

HASTINGS, Senior Circuit Judge.

Keith Nowicki, a resident of Indiana, doing business under the firm name and style of K & F Food Market, at 239 South Chapin Street, South Bend, St. Joseph County, Indiana, was engaged in the operation of a small retail food store. On March 12, 1969, Nowicki joined the Food Stamp Program and thereafter a significant portion of his business was directly or indirectly related to this program.

On May 27, 1971, Nowicki brought this action in the United States District Court for the Northern District of Indiana, South Bend Division,[1] for a judicial review pursuant to the provisions of the Food Stamp Act of 1964, 7 U.S.C. § 2022 (the Act). Plaintiff Nowicki sought judicial review of administrative action taken by the Department of Agriculture through its Food and Nutrition Service on April 27, 1971, disqualifying him from participation in the Food Stamp Program for one year as a consequence of a finding that plaintiff had violated certain provisions of the Act and food stamp regulations.

Pursuant to § 2022 of the Act, the district court held a "trial de novo" to "determine the validity" of the administrative action here involved. In a detailed unreported memorandum of decision, the district court meticulously reviewed the entire administrative action and found "that the agency has fully complied with all of the procedural requirements in making its determination." In its memorandum of decision, the court further stated that "plaintiff committed a violation of the regulations, and the agency determination of the violation and resulting disqualification were arrived at in full compliance with the applicable statutes and regulations, and the period of disqualification imposed was within the limits of the regulations," and the court concluded that "the agency's determination of disqualification was valid."

The district court further found and held that under § 2022 of the Act, it was only empowered to determine the validity of the agency's action, citing *Save More of Gary, Inc. v. United States,* 7 Cir., 442 F.2d 36, cert. dismissed, 404 U.S. 987, 92 S.Ct. 535, 30 L.Ed.2d 549 (1971), affirming Judge Beamer's decision in *Save More,* N.D.Ind., 309 F.Supp. 39 (1970). Judge Beamer in *Save More,* 309 F.Supp. at 39, cited and relied upon Judge Robson's decision in *Marbro Foods, Inc. v. United States,* N.D. Ill., 293 F.Supp. 754 (1968).

In the case at bar, the district court stated in a footnote to its memorandum and order: "This court does not intend, by this Order, to express approval of the long period of disqualification which was imposed in this case. However, the penalty was within the prescribed limits and this question is not before the court. *Martin v. United States,* 459 F.2d 300 (6th Cir. 1972) [*cert. denied,* 409 U.S. 878, 93 S.Ct. 129, 34 L.Ed.2d 131]."[2]

On November 22, 1974, the district court entered judgment for defendant United States and dismissed a prior injunction. Plaintiff did not file a written notice of appeal from this final judgment.

On February 24, 1975, 94 days after the entry of judgment, the district court *sua sponte* entered an order reopening the November 22 judgment in view of a February 7, 1975, en banc opinion in *Cross v. United States,* 4 Cir., 512 F.2d 1212 (1975), holding, according to the district court, "that the demands of procedural due process require that a United States District Court does indeed have the power and authority to review not only the fact of a violation of the Food Stamp Act, but also to review the validity of the penalty imposed, which latter question was not considered by this Court in its Memorandum and Order herein of 22 November, 1974." It was thereupon ordered by the district court that a hearing of any needed additional evidence and oral argument be held on the question of the validity of the sanction imposed in the instant case.

---

1. The Honorable Robert A. Grant, Senior United States District Judge, presiding.

2. Pursuant to 7 C.F.R. § 272.6(a) (1976), the maximum period of disqualification is three years.

After further proceedings and the receipt of additional evidence, citing *Cross* as authority, the district court modified its November 22, 1974, judgment for the United States, ruling "that the period of disqualification imposed, although within the limits of the regulations, *was too harsh a sanction* as to the plaintiff herein, and that said agency's determination of disqualification is invalid." (Emphasis added.) The district court then ordered that plaintiff's disqualification be reduced from one year to 120 days and entered judgment thereon.

The United States appealed. We reverse.

### I.

Under the posture of this case, the relevant portions of § 2022 of the Act, governing judicial review by the district court, read:

> If the store or concern feels aggrieved by such final determination [by the administrative agency] he may obtain judicial review thereof by filing a complaint against the United States in the United States district court * * *. The suit in the United States district court * * shall be a *trial de novo* by the court in which the court shall determine the validity of the questioned administrative action in issue. If the court determines that such administrative action is invalid it shall enter such judgment or order as it determines is in accordance with the law and the evidence. (Emphasis added.)

The issues raised by the Government on this appeal are:

(1) whether the "trial de novo" provision of the Food Stamp Act authorized a district court to modify a disqualification period that was "validly" imposed by the agency;

(2) whether the administrative action establishing the disqualification period in this case was valid; and

(3) whether the district court had power to change its own final judgment in this case after the appeal time had run.

We first take note of what the district court did and did not do in its actions below.

In its judgment order of November 22, 1974, the court ordered that plaintiff Nowicki take nothing by his complaint and rendered judgment in favor of defendant United States, finding that the agency's determination of disqualification was valid. The court did not reach or rule upon the validity of the sanction imposed.

In its order of February 24, 1975, the court stated that it would hear any needed additional evidence and oral argument on the question of the validity of the sanction imposed by the agency against the plaintiff.

In its judgment order of March 26, 1975, the court modified its Memorandum and Order entered on November 22, 1974, "in that the Court does now hereby reaffirm and readopt the original Memorandum and Order," with the exception that the administrative sanction was modified so that the period of disqualification was imposed for a period of 120 days rather than one year. Judgment was again entered "that the Plaintiff take nothing by his Complaint herein," and "that the period of disqualification imposed shall be for a period" of 120 days with stated implementing provisions.

In short, except for the modification of the sanction imposed, plaintiff took nothing by his complaint, and the Government's determination of plaintiff's disqualification was found to be valid.

### II.

The Government has raised the preliminary question of the district court's power to change its final judgment in this case after the appeal time had run, in view of the time limitations imposed by Rule 59(e), and thereafter, in "extraordinary situations," by Rule 60(b), and particularly Rule 60(b)(6), of the Federal Rules of Civil Procedure, 28 U.S.C. We have examined the authorities which restrict the court in relieving a party from a final judgment pursuant to Rule 60(b)(1), (2) and (3), to a "reasonable time" not more than one year after the judgment was entered, and which, refusing to expand that period for relief under Rule 60(b)(6), limit it to the time allowed for appeal from the judgment. *See*

*Swam v. United States,* 7 Cir., 327 F.2d 431, *cert. denied,* 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55 (1964); 7 J. Moore, Federal Practice ¶ 60.22[3–4] (2 ed. 1975). However, in a number of cases this rule has been relaxed to authorize granting a motion for relief. *See System Federation No. 91, Railway Employees Department, AFL–CIO v. Wright,* 364 U.S. 642, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961) (12 years after imposition of the original injunction); *Polites v. United States,* 364 U.S. 426, 81 S.Ct. 202, 5 L.Ed.2d 173 (1960) (4 years after the original judgment); *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949) (more than 4 years after the judgment).

■ There is respectable authority holding that the "reasonable time" limitation under Rule 60(b)(6) rests within the sound discretion of the trial court and, absent abuse, it brings to bear a more liberal attitude where no intervening rights have been affected by the passage of time between judgment and motion. *Bridoux v. Eastern Airlines, Inc.,* 93 U.S.App.D.C. 369, 214 F.2d 207, 209–10, *cert. denied,* 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954). Applying this principle to the case at bar, Nowicki's rights had remained the same and the Government had not been adversely affected by the passage of time since no action had been taken in reliance on the district court order in issue. All things being considered here, we cannot say that the district court's action was not made in a reasonable and timely manner, pursuant to Rule 60(b).

### III.

In *Marbro Foods,* 293 F.Supp. at 755, Judge Robson spelled out the administrative action which determined that Marbro Foods had been properly found to be in violation of the Food Stamp Program and had been disqualified for a period of 60 days. The district court held that the corporate agency was responsible for the acts of its agents even though the owners knew nothing of the violations and tried to prevent them from occurring. The court further found that the disqualification period was "for a reasonable, definitely-stated period of time." The court held that the *"scope of judicial review for administrative decisions made under the Food Stamp Program was limited by Congress to a determination as to whether the agency's decision is valid"* under § 2022 of the Act. (Emphasis added.) *Id.* It further found and held that there was "substantial evidence to support the agency's decision in disqualifying the plaintiff from participation in the Food Stamp Program for 60 days." *Id.* Summary judgment was granted and the cause was dismissed.

In *Save More of Gary, Inc.,* Judge Beamer, after citing § 2022 and *Marbro Foods,* found that plaintiff's contentions amounted to excuses which could be taken into account by the agency in determining the period of disqualification and were not "sufficient here to challenge the validity of the disqualification itself." 309 F.Supp. at 40. The court found that the record clearly established the violations and that the 30 day period of disqualification did not seem unduly harsh or arbitrary. The court then concluded that the decision to disqualify was valid and granted summary judgment as a matter of law.

On appeal in this court, after reviewing the entire administrative action and record in the district court, we found that the violations charged did in fact occur and that the proofs offered by plaintiff were relevant only in explanation and mitigation, but not in denial of the violations, leaving the district court with only the disposition of legal issues. *Save More of Gary, Inc.,* 442 F.2d at 39. We further found that *Marbro Foods* could not be distinguished from the case at issue and that the Act "makes no provision for such mitigating factors to nullify a violation, although clearly these aspects were considered in determining the penalty." *Id.* Finally, and critical to the determination of the case at bar, we held that the district court did not unduly limit the scope of judicial review, determining merely whether the agency's decision was valid, and that this complied with the requirement of a trial de novo in

determining the validity of the questioned administrative action. We affirmed the ruling of the district court.

We have set out the foregoing to show the background for the decision of our court as the law of this circuit. That decision is a binding circuit precedent. The district court properly relied upon *Save More* in its initial decision. However, after reading the Fourth Circuit's decision in *Cross*, the court obviously did not read *Save More* as being applicable to the limitation of the scope of judicial review in its review of the sanction.

In *Martin v. United States, supra,* cited favorably by the district court in its initial decision in this case, the Sixth Circuit, shortly after our decision in *Save More,* expressly held that the district court did not have authority to modify an administrative agency determination disqualifying plaintiff's retail food stores from participating in the Food Stamp Program by reducing the period of disqualification from six months to 30 days, where the violations were clearly established and the sanctions imposed were well within the range fixed by the statute and regulation. There, Judge Weick, writing for the majority, carefully reviewed the relevant sections of the statute and regulations and concluded that the district court was authorized to "enter such judgment or order as it determines is in accordance with the law and the evidence," only if it determined that the administrative action was invalid. 459 F.2d at 302. There, as in the case at bar, the district court made no such determination of invalidity.

The Sixth Circuit further concluded that in the Act "no authority was conferred on the District Court to change the period of suspension ordered by the Secretary, or to impose new sanctions." *Id.* We agree. Judge Weick also noted with approval our prior holding that sanctions imposed by the Secretary of Agriculture under the Commodities Exchange Act were not subject to judicial review. *G. H. Miller & Co. v. United States,* 7 Cir., 260 F.2d 286, 290 (1958) (en banc), *cert. denied,* 359 U.S. 907, 79

S.Ct. 582, 3 L.Ed.2d 572 (1959). To the same effect under the Perishable Agricultural Commodities Act, see *Eastern Produce Co. v. Benson,* 3 Cir., 278 F.2d 606, 610 (1960). Being unable to find any substantial difference between the review provided by those acts and that provided by the Food Stamp Act, the court in *Martin* held that the reviewing court lacked authority to change the sanctions imposed by the Secretary. Judge Edwards filed a brief dissent in which, although he did not deny that "there is force to the arguments of" the majority, he stated that he felt that the term "trial de novo" gave "to the reviewing court all the power that the court or agency below possessed, including the power to enter a disposition or judgment different from that originally entered." 459 F.2d at 302.

## IV.

In *Welch v. United States,* 4 Cir., 464 F.2d 682 (1972), in an opinion authored by Circuit Judge Field, the court held that, under the Food Stamp Act, a district court may not reduce an administratively imposed sanction for admitted violations of the Act, when the sanction so imposed is within the allowable range of the statute and implementing regulations, and that the court may not go beyond the issue of the validity of the disqualification action and modify the period of the administrative sanction. The court cited with approval *Martin v. United States, supra,* by the Sixth Circuit, *Save More of Gary, Inc. v. United States, supra,* by the Seventh Circuit, and *Marbro Foods, Inc. v. United States, supra,* by the Northern District of Illinois. Circuit Judge Butzner concurred in the result, but on the grounds that the sanction imposed was not arbitrary and capricious and, therefore, it was not invalid.

In *Cross v. United States, supra,* the Fourth Circuit, sitting en banc to resolve the difference in views expressed by the panel in *Welch v. United States, supra,* decided, by a divided court, to adopt the minority view in *Welch.*[3] The majority in *Cross* held "that the scope of judicial review

---

3. Citing in a footnote Judge Edwards' dissent in *Martin v. United States, supra.*

extends to the period of administrative sanction, notwithstanding that the Secretary did not impose a penalty exceeding that permitted by the statute or the regulations." 512 F.2d at 1215. It set aside the majority view in *Welch*, although the judgment was unaffected. The en banc majority rejected the district court's characterization of the sanction as "harsh" as not being the proper test. Rather, it held that "only in those instances in which it may be fairly said on the *de novo* record as a whole that the Secretary, acting through his designates, has abused his discretion by acting arbitrarily or capriciously, would the district court be warranted in exercising its authority to modify the penalty." *Id.* at 1218. It apparently grounded its decision upon considerations of constitutional due process.

Judge Widener concurred on separate grounds. Judge Field dissented, adhering to the views expressed in his original opinion in *Welch*, noting that the majority was at odds with every other federal court that had had occasion to consider the question, citing *Martin* and *Save More* and six district court cases. 512 F.2d at 1221. Judge Russell concurred in the dissenting opinion of Judge Field and wrote an extended well documented opinion critical of the majority's rationale. With due deference to the majority, we agree with the well reasoned dissents of Judges Field and Russell.[4]

In *Goodman v. United States,* 5 Cir., 518 F.2d 505 (1975), the court found itself in agreement with Judge Edwards' dissent in *Martin* and the concurring opinion of Judge Butzner in *Welch*. It was in disagreement with our opinion in *Save More*. Although finding itself in agreement with the majority result reached in *Cross*, it reached the same result by a construction of what it thought to be the plain language of the statute and a consideration of the inner workings of the Act, rather than the external application of the considerations of due process. It rejected the analogy of the sanctions imposed by the Secretary under both the Commodity Exchange Act and the Perishable Agricultural Commodities Act which have been held not subject to judicial review. It finally concluded that the district court can review both the determination of violation and the administrative sanction under § 2022. In spite of the subsequent conflicting decisions of the Fourth and Fifth Circuits, however, we continue in our adherence to *Save More*.

## V.

We find that the applicable standard of review of administrative sanctions stems from the language of the Supreme Court in *Butz v. Glover Livestock Commission Co.,* 411 U.S. 182, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973). There a stockyard operator, after an administrative hearing, was found by a designated Judicial Officer of the Secretary of Agriculture to be in violation of the Packers and Stockyards Act, 1921, 7 U.S.C. § 181 *et seq.* The respondent was ordered to cease and desist from the violations and to keep proper records, and its registration under the Act was suspended for 20 days. Upon review of the decision and order, the court of appeals upheld, as supported by substantial evidence, the findings that respondent had violated the Act by short-weighting cattle and sustained the cease and desist order and the order to keep correct accounts. However, the court of appeals set aside the 20 day suspension. *Glover Livestock Commission Co. v. Hardin,* 8 Cir., 454 F.2d 109, 115 (1972). The Supreme Court reversed, holding that the lower court exceeded the scope of proper judicial

---

4. We have examined the legislative history of the Food Stamp Act of 1964 as set out in 1964 U.S.Code Cong. & Admin.News, at 3288–3292. Other than providing in Section 4 that the Secretary of Agriculture shall have general authority to formulate and administer a food stamp program; in Section 11, that the Secretary has authority for the disqualification of a participant who has not adhered to the requirements established in the Act; and in Section 13, making provisions "for administrative and judicial review of the decision of the Secretary with respect to * * * the disqualification of such a participating concern [a retail or wholesale food concern]," the history is silent on the resolution of the question at issue in the instant case.

review of administrative sanctions in setting aside the suspension and that its action constituted an impermissible intrusion into the administrative domain under the circumstances. 411 U.S. at 183, 188, 93 S.Ct. 1455. The Court stated:

> The applicable standard of judicial review in such cases required review of the Secretary's order according to the "fundamental principle . . . that where Congress has entrusted an administrative agency with the responsibility of selecting the means of achieving the statutory policy 'the relation of remedy to policy is peculiarly a matter for administrative competence.'" *American Power Co. v. SEC,* 329 U.S. 90, 112 [67 S.Ct. 133, 146, 91 L.Ed. 103] (1946). Thus, the Secretary's choice of sanction was not to be overturned unless the Court of Appeals might find it "unwarranted in law or . . . without justification in fact. . . ." *Id.,* at 112–113.

411 U.S. at 185–6, 93 S.Ct. at 1458.

Finding nothing in the record to justify the action of the reviewing court in overturning the suspension authorized by the statute, the Court held that the court below clearly exceeded its function of judicial review. The Court concluded: "The fashioning of an appropriate and reasonable remedy is for the Secretary, not the court. The court may decide only whether, under the pertinent statute and relevant facts, the Secretary made 'an allowable judgment in [his] choice of the remedy.' *Jacob Siegel Co. v. FTC,* 327 U.S. 608, 612 [66 S.Ct. 758, 760, 90 L.Ed. 888] (1946)." *Id.* at 188–9, 93 S.Ct. at 1459.

In *Butz,* the Court twice cited with apparent approval our *G. H. Miller & Co. v. United States, supra.* 411 U.S. at 187, 93 S.Ct. 1455. In *G. H. Miller & Co.,* on rehearing en banc, we held:

> It is, therefore, clear to us that if the order of an administrative agency finding a violation of a statutory provision is valid and the penalty fixed for the violation is within the limits of the statute the agency has made *an allowable judgment in its choice of the remedy* and ordinarily

the Court of Appeals has no right to change the penalty because the agency might have imposed a different penalty. (Emphasis in original.)

260 F.2d at 296. We further found the remedy selected had a reasonable relationship to the practice found to exist. *Id.* at 296–7.

In Judge Russell's dissent in *Cross,* 512 F.2d at 1224–5, he quoted with approval the *Butz* standard, as well as its approval of our *G. H. Miller & Co.* holding.

■ In sum, therefore, we adhere to what we said in *Save More,* and if that is not specific enough, it is now made clear by our incorporation of the *Butz* standard of review. Having found that the Secretary here made an allowable judgment in his choice of remedy, that the sanction imposed bears a reasonable relationship to the goal the legislation was intended to accomplish, and that the sanction was within the limits of the applicable statute and was valid, we feel compelled to reverse that part of the judgment of the district court which reduced the sanction from one year to 120 days as an impermissible intrusion into the administrative domain under the circumstances present here.

In light of the foregoing, the judgment of the district court reducing the sanction against plaintiff Nowicki from one year to 120 days is reversed. In all other respects, the judgment is affirmed.

AFFIRMED IN PART.

REVERSED IN PART.