**FARMINGDALE SUPERMARKET, INC., a corporation of the State of New Jersey, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 994–71.**

United States District Court,
D. New Jersey.

Oct. 4, 1971.

---

Davis & Roth by Norman H. Roth, Jersey City, N. J., for plaintiff.

Herbert J. Stern, U. S. Atty., by Richard W. Hill, Asst. U. S. Atty., for the government.

## OPINION

WHIPPLE, District Judge:

Plaintiff, a New Jersey corporation, doing business at 378 Jackson Avenue, Jersey City, N. J., was authorized to redeem food stamps by the Department of Agriculture, Food and Nutrition Service, pursuant to the Food Stamp Act of 1964. On or about December 3, 1970 it was advised of certain charges which were to form a basis for disqualification of plaintiff from further participation in the program. Following an administrative hearing, the plaintiff was adjudged guilty of violating the regulations governing the Food Stamp program and was disqualified from participating in the Food Stamp program for a period of one year.

Subsequent to the determination, plaintiff made application for review by the Food Stamps Review Office, which on June 18, 1971 sustained the findings and the one year sanction made above.

The period of disqualification was to commence after the close of business on July 6, 1971. A temporary stay was ordered on July 30, 1971 while this Court reviewed the matter pursuant to 7 U.S. C. § 2022, which provides in part:

"(c) * * * The suit in the United States district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue. If the court de-

termines that such administrative action is invalid it shall enter such judgment or order as it determines is in accordance with the law and the evidence. * * * * "

In the review before this Court, the petitioner admitted 14 of the 16 alleged violations. The Administrative Hearing Officer considered only the 14 admitted violations in considering the one-year sanction. The petitioner now asks this Court for "mitigation" of the sanction. The government contends that this Court cannot reduce or change the sanction unless such sanction was determined to be invalid.

The issue is whether this Court is empowered to change or reduce a sanction which was validly imposed by the Administrative Hearing Officer.

■■ In support of the petitioner's position that this Court has the power to change or reduce the sanction is the fact that this suit is a trial de novo. A trial "de novo" means trying the matter anew, the same as if it had not been heard before and as if no decision had been previously rendered. 2 Am.Jur.2d § 698. The argument may thus be asserted that since this action by the petitioner is a "matter anew," the court may impose such as the evidence before it and its independent judgment on the law, facts, policy and discretion dictate. See Davis, Administrative Law, Vol. 4, § 29.07, at 152. The statutory requirement of de novo review is an unusual circumstance which calls for a much broader scope of judicial review of administrative actions. Davis, Administrative Law, 1970 Supplement § 29.08. Mr. Justice Douglas elaborated on this scope of judicial review when he stated:

"[The Bank Merger Act of] 1966 provides that the court in an antitrust action 'shall review de novo the issues presented' 12 U.S.C. § 1828(c) (7) (A). It is argued that the use of the word 'review' rather than 'trial' indicates a more limited scope of judicial action. The words 'review' and 'trial' might conceivably be used interchangeably. The critical words seem to us to be 'de novo' and 'issue presented.' They mean to us that the court should make an independent determination of the issues." United States v. First City National Bank of Houston, 386 U.S. 361, 368, 87 S.Ct. 1088, 1093, 18 L.Ed.2d 151 (1967).

The petitioner contends that the court has the power to make an independent determination as to the sanction imposed. The government's position is that this Court has authority to determine the validity or invalidity of the administrative agency's action. Marbro Foods, Inc. v. United States, D.C., 293 F.Supp. 754 (1968); Save More of Gary, Inc. v. United States, D.C., 309 F. Supp. 39 (1970). Thus, if the administrative agency acted lawfully in imposing the administrative sanction, this Court has no right to change it. Eastern Produce Co. v. Benson, 278 F.2d 606 (3d Cir. 1960).

The disqualification of the plaintiff is in accordance with regulations and is valid as a matter of law. 7 U.S.C. § 2020 provides that a participating retail store may be disqualified for "such period of time as may be determined in accordance with the regulations issued pursuant to the act." The applicable regulation provides in part that disqualification may be for a "reasonable, definitely stated period of time, not to exceed three years." 7 C.F.R. 1602.6(a). The Food Stamp Review Officer, after reviewing all the evidence, determined that a one year suspension would be appropriate. This period clearly meets the provisions of the regulations and is based upon all the relevant evidence.

■■ As has been stated, 7 U.S.C. § 2022 provides that the "suit * * * be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue." "Trial de novo" is limited by this section, which calls for a "trial anew" to determine the validity of the Food Stamps Review Office's disposition. The petitioner admitted the alle-

gations and the sanction was validly imposed. Marbro Foods, Inc. v. United States, supra; Save More of Gary, Inc. v. United States, supra; Eastern Produce Co. v. Benson, supra. Thus, this Court does not have the power to change a validly imposed sanction.

■ Notwithstanding the above conclusion, if this Court should decide it can reduce or modify the sanction, a careful review of the stipulated facts, the exhibits and the oral arguments disclose that there were in fact 14 admitted violations of the provisions of the Act. The penalty imposed is not excessive, unreasonable, unjust or invalid. Progressive Supermarkets, Inc. v. United States (unreported decision, February 25, 1970, Civil No. 189–68, District of New Jersey).

In view of the above, the administrative action of the Food Stamps Review Officer was in all respects valid and, therefore, his action is affirmed and the temporary restraint heretofore granted by this Court is dissolved, without costs.

An appropriate order in conformity with the foregoing opinion shall be submitted.