**Morris MILLER, trading and doing business as Miller's Food Market, Plaintiff,**

**v.**

**UNITED STATES of America, DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, Defendant.**

**Civ. A. No. 71–859.**

United States District Court, W. D. Pennsylvania.

July 27, 1972.

See also, 54 F.R.D. 471.

Samuel P. Kamin, Pittsburgh, Pa., for plaintiff.

James M. Seif, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge:

In this proceeding review is sought of an adjudication by the Department of Agriculture that plaintiff's rights to participate in the Federal Food Stamp Program be suspended for a period of one year. Jurisdiction exists pursuant to 7 U.S.C.A. § 2022. The effectiveness of said Order has been stayed pending an adjudication of this action.

A full and complete hearing has been afforded the parties, and briefs and arguments have been fully and exhaustively reviewed and considered. The determination by the Department of Agriculture that plaintiff's rights to participate in the Federal Food Stamp Program shall be suspended must be sustained.

The pertinent facts may be briefly stated. On five separate occa-

sions plaintiff violated the Act by selling divers ineligible items, such as magazines, newspapers, aspirin, aluminum foil, soaps, household needs, drug store items and merchandise for personal needs to recipients of the Food Stamp Program.

The suspension of one year is strikingly disproportionate to the infractions and violations which occurred. The trade of plaintiff's business is comprised of many recipients of the Food Program and the loss thereof for one year will cause the plaintiff an economic and financial loss far beyond the seriousness of his conduct. In fact, it is most oppressive and beyond fair play and reason.

This Court is, however, without jurisdiction and powerless to act, change or modify the conclusion of the Department of Agriculture, or to substitute its judgment for that of said administrative agency. Although the Act provides for a trial de novo,[1] there is absolutely no provision for review of the period of disqualification, provided the administrative action in issue was valid. Martin v. United States of America, 459 F. 2d 300 (Sixth Cir., 1972), Save More of Gary, Inc. v. United States, 442 F.2d 36 (7 Cir. 1971).

It must be concluded that the action of the governmental agency was valid, proper and within the meaning of the Food Stamp Act. Where violations of the Act are established and the particular sanction is within the allowable range, then the validity of the administrative · action has been established.[2] Welch v. United States of America, 464 F.2d 682 (4th Cir., filed July 11, 1972).

Accordingly, the determination of the Department of Agriculture must be sustained.

Findings of Fact and Conclusions of Law have not been separately stated, but are contained in the body of the foregoing Opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate order is entered.

---

[1]. 7 U.S.C.A. § 2022.

[2]. 7 U.S.C.A. § 2020 authorizes the Secretary of Agriculture to provide for periods of disqualification; the regulation implementing this section is 7 C.F.R. 272.6(a) which allows suspensions up to three years.