Sol MARCUS and Herbert Levin, Individually and trading as Roxy Market

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE.

Civ. A. No. 71-1305.

United States District Court,
E. D. Pennsylvania.

June 21, 1973.

Martin W. Bashoff, Philadelphia, Pa., for plaintiffs.

Walter S. Batty, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiffs in this action operate a food store in Camden, New Jersey which was a participant in the Food Stamp Program (Program) of the United States Department of Agriculture, 7 U.S.C. § 2011 et seq. On August 26, 1970, John F. Conaboy, Program Supervisor of the Northeast Region of the Food Stamp Division, notified plaintiffs that they were suspended from participation in the Program for a period of ninety days. Their appeal to the Food Stamp Review Officer was denied and the suspension went into effect on May 11, 1971. Plaintiffs filed this action in the District Court to obtain review of the administrative determination in accordance with 7 U.S.C. § 2022. On June 30, 1971, we granted a temporary stay of the suspension order pending a final determination of the action on its merits. The case has now been submitted to us for decision on the basis of stipulations of fact and memoranda of law.

Plaintiffs were suspended from participation in the Program for the exchange of ineligible goods under 7 C.F.R. § 270.2(s) for food stamps. The Government produced five affidavits signed by Cecelia Toone which described five occasions between April 24, 1970 and May 5, 1970 on which she exchanged food stamps for ineligible items. Plaintiffs do not controvert these statements but only assert that such exchanges were made without a conscious or deliberate intent to violate the Food Stamp Act or the regulations promulgated thereunder. On such a record we find that the Government has clearly established the charged violation, and we do not believe plaintiffs argue with such conclusion.

The thrust of plaintiffs' action is actually different. They seek to have us reduce the sanction imposed by the administrative agency. This we cannot do.

It is firmly established that the jurisdiction of a district court to review a suspension decision by the administrator under the Food Stamp Act is limited "to a determination of the validity of the administrative action", which is the action of disqualification. Welch v. United States, 464 F.2d 682, 684 (4 Cir. 1972). The court in *Welch* held that the scope of review does not extend to a consideration of authorized sanctions imposed by the administrator. *Accord,* Martin v. United States, 459 F.2d 300 (6 Cir.), cert. den. 409 U.S. 878, 93 S.Ct. 129, 34 L.Ed. 131 (1972); Save More of Gary, Inc. v. United States, 442 F.2d 36 (7 Cir.), cert. dismissed 404 U.S. 987, 92 S.Ct. 535, 30 L.Ed.2d 549 (1971); Miller v. United States, 345 F.Supp. 1131 (W.D.Pa. 1972); Farmingdale Supermarket, Inc. v. United States, 336 F. Supp. 534 (D.N.J. 1971); *see,* Butz v. Glover Livestock Co., Inc., 411 U.S. 182, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973). Therefore, even if we believed that the sanction was excessive and unjustified, which we do not, we would be constrained to still uphold the sanction imposed, just as Judge Gourley was required in *Miller, supra,* once he determined that the statute and regulations had been violated.