Max **ECKSTUT** and Dorothy **Eckstut**, Individually and trading as Max's Self Service Store,

v.

Clifford M. **HARDIN**, Secretary United States Department of Agriculture, Washington, D. C.

Civ. A. No. 71–458.

United States District Court,
E. D. Pennsylvania.

Sept. 5, 1973.

---

Louis W. Fryman, Philadelphia, Pa., for plaintiffs.

W. S. Batty, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiffs operate "Max's Self Service" food store, a participant in the Food Stamp program of the United States Department of Agriculture, 7 U.S.C. §§ 2011 et seq. The following facts have been agreed upon:

"6. On four (4) days in the month of July, 1970, specifically July 1, 7, 13 and 14, two (2) individuals were employed by special agents of the Office of the Inspector General, United States Department of Agriculture, to enter MAX'S SELF SERVICE STORE and purchase certain items some of which were eligible under the Food Stamp Program and some of which were not.

"7. The clerks working at the store at the time, which were not the named plaintiffs, allowed these agents of the government to purchase all of their items with food stamps.

"8. In December, 1970, the Food and Nutrition Service of the United States Department of Agriculture imposed a six month suspension on plaintiffs, disqualifying them from participating in the Food Stamp Program for that period for alleged violations of the food stamp regulations.

"9. On January 26, 1971, after the plaintiffs had requested review of the aforesaid determination, the said suspension was reduced to a suspension of ninety (90) days."

On February 24, 1971, plaintiffs filed a motion seeking a stay of the said suspension and on March 12, 1971, all proceedings were stayed pending further order.

Paragraph 8 of plaintiffs' complaint seeks the following relief:

"8. Pursuant to the statutory provision above cited, plaintiffs seek judicial review of the aforesaid Determination and assign thereto the following grounds:

(a) That the aforesaid Determination is not supported by substantial or adequate evidence;

(b) That the aforesaid Determination is not reasonable in the circumstances;

(c) That the aforesaid Determination is arbitrary, capricious, and unduly harsh, and will seriously interfere with plaintiffs' ability to earn their livelihood; and

(d) That the aforesaid Determination is discriminatory in nature inasmuch as the Disqualification imposed is disproportionate to the seriousness of the infractions of the regulations allegedly committed."

By way of suggested "Conclusions of Law" submitted by plaintiffs, they ap-

parently add one additional ground for relief, namely:

"2. The administrative procedure followed by the Food and Nutrition Service, characterized by an ex parte in camera investigation, characterized by affidavit testimony without any proper hearing, confrontation of witnesses, or cross examination, was violative of plaintiffs' rights to due process of law and equal protection of the laws."

The "due process of law and equal protection of the laws" contention, thus suggested, has not been pursued and no authorities have been submitted in support thereof. The "facts" as agreed upon do not support it and, on the record before us, we are obliged to deny any relief based thereon.

Rather, the plaintiffs seem to more seriously contend that this Court has jurisdiction and authority to modify the penalty imposed by the defendant. Said penalty is labeled as "harsh, excessive and unreasonable" (see suggested conclusion of law No. 6); that "its economic consequences are grossly disproportionate to the gravity of the violations charged" (see plaintiffs' memorandum in support of plaintiffs' objection to [defendant's] motion for summary judgment). Thus, plaintiffs seek to have the Court reduce the sanctions imposed by the Administrative Agency. This question has recently been the subject of a well-written opinion by this Court in the case of Marcus & Levin v. United States Department of Agriculture, Food and Nutrition Service, 364 F.Supp. 374 (E. D.Pa. June 21, 1973, Huyett, J.) where the Court stated at page 375:

" * * * They [plaintiffs] seek to have us reduce the sanction imposed by the administrative agency. This we cannot do.

"It is firmly established that the jurisdiction of a district court to review a suspension decision by the administrator under the Food Stamp Act is limited 'to a determination of the validity of the administrative action', which is the action of disqualification.

Welch v. United States, 464 F.2d 682, 684 (4th Cir. 1972). The Court in *Welch* held that the scope of review does not extend to a consideration of authorized sanctions imposed by the administrator. *Accord,* Martin v. United States, 459 F.2d 300 (6 Cir.), cert. den. 409 U.S. 878, 93 S.Ct. 129, 34 L.Ed.2d 131 (1972); Save More of Gary, Inc. v. United States, 442 F.2d 36 (7 Cir.), cert. dismissed 404 U.S. 987, 92 S.Ct. 535, 30 L.Ed.2d 549 (1971); Miller v. United States, 345 F.Supp. 1131 (W.D.Pa.1972); Farmingdale Supermarket, Inc. v. United States, 336 F.Supp. 534 (D.N. J.1971); *see,* Butz v. Glover Livestock Co., Inc., 411 U.S. 182, 93 S.Ct. 1455, 36 L.Ed.2d 142, 4463 (filed March 28, 1973). Therefore, even if we believe that the sanction was excessive and unjustified, which we do not, we would be constrained to still uphold the sanction imposed, just as Judge Gourley was required in *Miller, supra,* once he determined that the statute and regulations had been violated."

Accordingly, we will grant defendant's motion for summary judgment.