**David B. BERGER, d/b/a Berger's Market**

v.

**UNITED STATES of America.**

**Civ. A. No. 5288.**

United States District Court, D. Rhode Island.

Jan. 22, 1976.

David A. Schechter of Schechter, Abrams & Verri, Providence, R. I., for plaintiff.

Lincoln C. Almond, U. S. Atty., Constance L. Messore, Asst. U. S. Atty., Providence, R. I., for defendant.

## OPINION

DAY, District Judge.

This is a civil action wherein the plaintiff, the owner and operator of a retail food store in Pawtucket, Rhode Island, seeks judicial review of an adjudication by the United States Department of Agriculture suspending his store's participation in said Department's Food Stamp Program for a period of six months. Specifically, the plaintiff's retail enterprise was temporarily disqualified from participation in said food stamp program because the plaintiff allegedly accepted food stamps as payment for certain "ineligible" retail products.

The plaintiff's cause of action arises under, and jurisdiction is vested in this Court pursuant to the provisions of Section 2022 of Title 7 of the United States Code.

The evidence presently in the record before this Court indicates that the plaintiff's business has been designated a "retail food store" eligible to participate in the aforementioned food stamp program since August 25, 1966. On October 3, 1972, subsequent to a field investigation conducted by the Department of Agriculture's Food and Nutrition Service, the plaintiff was notified that certain of his retail practices were alleged to be in direct violation of Department of Agriculture regulations. The plaintiff was advised that he could submit any information, explanation or evidence, exculpatory or inculpatory, concerning the alleged violations, and that such information would be carefully considered by the Food and Nutrition Service prior to any final determination as to the plaintiff's continued qualification to participate in the food stamp program. Subsequent to plaintiff's oral presentation, the Food and Nutrition Service rendered an opinion which concluded, *inter alia*, that the alleged violations did, in fact, occur and that Berger's Market, under the ownership of David B. Berger, would be disqualified from participation in the food stamp program for a period of six (6) months.

The plaintiff requested and received a hearing to review said decision before a Food Stamp Review officer on July 10, 1973, in Providence, Rhode Island. The Review Officer affirmed the decision of the Food and Nutrition Service. The plaintiff filed this action seeking judicial review of the aforementioned disqualification order.

As previously mentioned, the disqualification order herein involved resulted from the plaintiff's alleged acceptance of food stamps as payment for certain "ineligible" retail goods, *viz*, Ajax Cleaner, baby power, disinfectant, shampoo and tooth paste. *See* 7 CFR § 270 et seq. Section 2013 of Title 7 of the United States Code provides that food stamps can be used only—

" . . . to purchase *food* from retail food stores which have been approved for participation in the food stamp program . . ." (emphasis added).

The word "food", as that term is utilized in Section 2013, has been defined as—

" . . . any food or food products for human consumption except alcoholic beverages and tobacco and also includes seeds to plant for use in gardens to produce food for the personal consumption of the eligible household . . ." 7 CFR § 270.2(s); *see* 7 U.S.C. § 2012(b).

In considering this matter *de novo*, pursuant to 7 U.S.C. § 2022, this Court is limited to a determination as to whether or not the plaintiff's retail food store was properly suspended from participation in the food stamp program. *See Martin v. United States*, 459 F.2d 300 (6th Cir.), *cert. denied*, 409 U.S. 878, 93 S.Ct. 129, 34 L.Ed.2d 131 (1972); *Save More Of Gary, Inc. v. United States*, 442 F.2d 36 (7th Cir.), *cert. denied*, 404 U.S. 987, 92 S.Ct. 535, 30 L.Ed.2d 549 (1971); *Farmingdale Supermarket, Inc. v. United States*, 336 F.Supp. 534 (D.N.J.1971); *Marbro Foods, Inc. v. United States*, 293 F.Supp. 754 (N.D.Ill.1968).

## I. THE ALLEGED VIOLATIONS

It is beyond doubt that the plaintiff has engaged in retail practices which are

violative of Department of Agriculture regulations. *See* affidavit of Kathy Smith (Defendant's Exhibit # 2), Barbara Higgins (Defendant's Exhibit # 3), and Nancy Cody (Defendant's Exhibit # 4); *see also* the "Summary of Berger's Market's Oral Reply to Food and Nutrition Service's Letter of Charges", dated October 16, 1972 (Defendant's Exhibit # 1 at p. 26); *see generally*, defendant's Exhibit # 1. No genuine issue of material fact exists as to whether or not the plaintiff accepted food stamps as payment for certain "ineligible", non-food, retail products. The plaintiff unquestionably engaged in this practice, and did so on more than one occasion.

■ Plaintiff, however, contends that the violations are excusable because he was not afforded adequate compliance action by the Food and Nutrition Service prior to his disqualification from the food stamp program.

According to the Stipulation of Facts, number 11, however, a compliance visit was made on July 20, 1971. Plaintiff intimates that to constitute adequate compliance action, the visit must disclose actual violations. This is not the case. According to the guidelines in FNS Instruction 744–9 [1] disqualification should normally not occur unless there has been a compliance store visit during which the retailer was confronted with the *possibility of violations* in the store.

Without determining the legal significance of FNS Instruction 744–9, I conclude from the record that the plaintiff was given a fair opportunity to abide by the regulations of the Food Stamp Act.

## II. THE SANCTIONS

Pursuant to the provisions of 7 U.S.C. § 2020, the Secretary of Agriculture has promulgated regulations which provide, in pertinent part, that—

"(a) any authorized retail food store . . . may be disqualified from further participation in the program by FNS (Food and Nutrition Service)

for a reasonable period of time, not to exceed 3 years, as FNS may determine, if such firm fails to comply with the Food Stamp Act or the provisions of this part . . ." 7 CFR 272.-6(a).

The six-month suspension herein involved clearly falls within the aforementioned allowable range of administrative sanctions. *See* CFR § 272.6(a).

■ Insofar as the Government has proven that (1) the plaintiff has, in fact, violated Department of Agriculture regulations, and (2) that the temporary disqualification imposed as a result of said violations falls within the allowable range of administrative sanctions, this Court is without jurisdiction to modify in any way the administrative sanction in question. *See Martin v. United States, supra; Eckstut v. Hardin,* 363 F.Supp. 701, 703 (E.D.Pa.1973); *Marcus v. United States Department of Agriculture, Food and Nutrition Service,* 364 F.Supp. 374 (E.D.Pa.1973); *Miller v. United States Department of Agriculture, Food and Nutrition Service,* 345 F.Supp. 1131 (W.D.Pa.1972); *Great Atlantic & Pacific Tea Co. v. United States,* 342 F.Supp. 492 (S.D.N.Y.1972); *J. C. B. Super Markets, Inc. v. United States,* 57 F.R.D. 500 (W.D.N.Y.1972); Annotation, 13 A.L.R. Fed. 369.

■ Even were this Court to follow the novel holding in *Cross v. United States,* 512 F.2d 1212 (4th Cir. 1975), that a district court may reduce an administratively imposed sanction, summary judgment for the defendant would still be appropriate. The plaintiff has not set forth specific facts indicating that there is a genuine issue as to whether the Secretary of Agriculture, acting through his designates, has abused his discretion by acting arbitrarily or capriciously. In the face of the affidavits and exhibits offered by defendant, plaintiff has failed to make any showing that the length of disqualification was unwarranted in law or without justification in fact.

[1]. FNS (FS) Instruction 744–9, March 13, 1970; "Food Stamp Program Criteria for Final Determinations in OIG Investigative Cases."

The defendant's motion for summary judgment must be, and it is granted. Counsel for the defendant shall prepare and submit for entry an appropriate order in conformity with this opinion.