426 F.Supp. 1064 (1977)
Melvin I. KOGAN d/b/a Kinloch Supermarket, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 76-941C(3).
United States District Court, E. D. Missouri, E. D.
February 11, 1977.
*1065 Preston E. Roskin, Floyd & Roskin, Inc., Clayton, Mo., for plaintiff.
Barry A. Short, U. S. Atty., Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., Robert L. Purcell, U. S. Dept. of Agriculture, Shawnee Mission, Kan., for defendant.

MEMORANDUM
WANGELIN, District Judge.
This is an action arising out of the Food Stamp Act of 1964, 7 U.S.C. §§ 2011 et seq. Plaintiff seeks to review the action of the Department of Agriculture in disqualifying him from participation as a retail grocer in the food stamp program. Defendant has moved for summary judgment. Section 11 of the Food Stamp Act provides that:
Any approved retail food store or wholesale food concern may be disqualified from further participation in the food stamp program on a finding, made as specified in the regulations, that such store or concern has violated any of the provisions of this chapter, or of the regulations issued pursuant to this chapter. Such disqualification shall be for such period of time as may be determined in accordance with regulations issued pursuant to this chapter. 7 U.S.C. § 2020.
The regulations promulgated under the Food Stamp Act set out the rules for administration of the food stamp program. They provide that coupons may be accepted only for "eligible food". 7 C.F.R. § 272.2(b) (1976).[1] Eligible food is defined as "any food or food product for human consumption except alcoholic beverages and tobacco and also includes seeds and plants for use in gardens to produce food for the personal consumption of the eligible household." 7 C.F.R. § 270.2(s) (1976).
On February 20, 1976, plaintiff was disqualified from the program for accepting food stamps for non-food items. This action was reviewed administratively and the mechanics of that process are not challenged here. Plaintiff then filed this action for judicial review within the time limits set by 7 C.F.R. § 273.10(a) (1976) and 7 U.S.C. §§ 2020 and 2022.
*1066 Defendant has filed affidavits of several Department of Agriculture aids that detail plaintiff's violations of the Act. Plaintiff's only response to these affidavits as set out in his reply memorandum was that: "There has been no confrontation of the witnesses in order to substantiate the allegations, and therefore, the motion for summary judgment must be denied so that trial by jury may be had before this Court." Plaintiff apparently misconceives the scope and purpose of a motion for summary judgment. Rule 56(e) of the Federal Rules of Civil Procedure provides in part:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.
See Stevens v. Barnard, 512 F.2d 876 (10th Cir. 1975).
Thus, there is no genuine issue as to certain facts. First, the Department of Agriculture reminded the plaintiff at least twice of the "eligible food" requirements and warned him that he could be disqualified for violations. The first warning was in November of 1972 and the second was in September of 1974. Second, from May 8-15, 1975, plaintiff violated Department of Agriculture regulations several times by accepting coupons for non-food items. These violations were the basis of the disqualification.
There are two questions that must be resolved by the Department of Agriculture when a charge is brought under the Food Stamp Act. First, was there a violation of the Act? Second, assuming a violation, what sanctions should be imposed?
This Court reviews the Department's decisions pursuant to 7 U.S.C. § 2022(c):
The suit in the United States district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue. If the court determines that such administrative action is invalid it shall enter such judgment or order as it determines is in accordance with the law and the evidence. (emphasis added).
It is clear that the statute demands a court review of the Department's decision that a violation occurred. As stated above, there is certainly substantial evidence supporting that decision and plaintiff does not appear to challenge it. Accordingly, the Court finds that plaintiff violated valid Department of Agriculture regulations.
However, at least two circuit courts have held that the phrase "administrative action in issue" does not include the penalty imposed. Nowicki v. United States, 536 F.2d 1171 (7th Cir. 1976); Martin v. United States, 459 F.2d 300 (6th Cir.), cert. denied, 409 U.S. 878, 93 S.Ct. 129, 34 L.Ed.2d 131 (1972). Under this interpretation the Court's review would end after determining that a violation occurred. Several district courts have adopted this rule. See e.g., Berger v. United States, 407 F.Supp. 312 (D.R.I.1976).
Plaintiff urges that the Court adopt a standard of review followed in the Fourth and Fifth Circuits. Those Circuits have held that district courts are required to review the penalty assessed by the Department of Agriculture. Goodman v. United States, 518 F.2d 505 (5th Cir. 1975); Cross v. United States, 512 F.2d 1212 (4th Cir. En Banc 1975).
This Court does not need to reach that question, however. Even under the broader standard of review required by the Fourth and Fifth Circuits, the district court is limited in reviewing the penalty imposed. "The determination of the specific period of disqualification is an exercise of administrative discretion." Goodman v. United States, 518 F.2d at 511. Thus the sanction is subject only to the arbitrary and capricious standard of review. Cross v. United States, 512 F.2d at 1218.
Plaintiff has alleged that the six month suspension imposed was erroneous for three reasons. First, the Kinloch area is heavily *1067 dependent upon plaintiff's services as a retail participant in the food stamp program. Second, a high percentage of plaintiff's income is derived from food stamp customers and thus the disqualification would work a substantial hardship on him and his family. Finally, plaintiff alleges that the violations are no longer occurring because of a change of procedure in the check-out line.
Assuming these allegations to be true, it cannot be said that the imposition of a six month[2] disqualification was arbitrary and capricious. The facts alleged by plaintiff would be present in many if not most disqualification cases. Also, these mitigating factors were considered at the administrative level. In sum, there is just no allegation in plaintiff's complaint that would support the conclusion that the sanction imposed was "unwarranted in law or without justification in fact." Cross v. United States, 512 F.2d at 1218.
Accordingly, summary judgment is appropriate and will be entered for defendant.
NOTES
[1] The regulations cited in this opinion are identical in all relevant parts to those in force in 1975 at the time of plaintiff's violation.
[2] A participant may be disqualified for a period up to three years. 7 U.S.C. § 2020; 7 C.F.R. § 276.6(a) (1976).