**GIANT MARKETS, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 79–1279.

United States District Court,
M. D. Pennsylvania.

June 20, 1980.

Thomas P. Kennedy, Scranton, Pa., for plaintiff.

Joseph F. Cimini, Asst. U. S. Atty., Carlon M. O'Malley, Jr., U. S. Atty., Scranton, Pa., for defendant.

## MEMORANDUM

CONABOY, District Judge.

Plaintiff in this case, Giant Markets, Inc., was the victim of an armed robbery on April 14, 1979. Two store employees were assaulted at gunpoint as they approached a bank to make a late afternoon deposit. Deposit bags containing cash, checks and food coupons were taken. In May of 1979, the store security officer submitted a claim to the Food and Nutrition Service to recover for the coupons which had been stolen. The claim was denied by the Food and Nutrition Service's Regional Office, and the store sought administrative review of that decision. On September 19, 1979, the Administrative Review Officer issued his determination, also denying the store's claim.

Plaintiff then instituted this action in the district court pursuant to 7 U.S.C. § 2023.[1] The government filed a motion for judgment on the pleadings, or in the alternative for summary judgment in its favor. Documents and correspondence submitted by the United States in support of its motion have been considered by the court in its determination, so the Motion for Judgment on the pleadings will be considered a motion for summary judgment under Rule 12(c),[2] and disposed of as provided for in Rule 56. Therefore, judgment for the government will only be appropriate if there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. See F.R.Civ.P. 56(c).

The parties stipulated to the relevant facts. The Plaintiff, Giant Markets, Inc., operates a retail grocery store located on Hanover Street, in Wilkes–Barre, Pennsylvania. On April 14, 1979, two store employees were robbed at gunpoint while transporting the afternoon deposit to a bank in Wilkes–Barre. Two deposit bags containing cash, checks and food stamps were stolen.

---

1. 7 U.S.C. § 2023 provides for administrative and judicial review of administrative action denying the claim of a retail food store brought pursuant to 7 U.S.C. § 2022. It provides in relevant part:

If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination. The copy of the summons and complaint required to be delivered to the official or agency whose order is being attacked shall be sent to the Secretary or such person or persons as the Secretary may designate to receive service of process. The suit in the United States district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue. If the court determines that such administrative action is invalid, it shall enter such judgment or order as it determines is in accordance with the law and the evidence.

2. F.R.Civ.P.12(c) provides, in pertinent part:

"If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided for in Rule 56."

In May of 1979, the individuals responsible for the robbery were apprehended. They informed police and store security officers that the cash, had been taken from the bags, and that the checks and, food stamps remaining, along with the deposit bags were burned. Not even remnants of the food coupons were recovered.

Plaintiff brought a claim to the Food and Nutrition Service for $1,876.00, the total amount of food stamps which were listed on the deposit record as having been contained in the deposit. This claim was denied by the agency on the basis of 7 C.F.R. § 278.-7(f) which reads:

"FNS may not be liable for claims from retail food stores, meal services or wholesale food concerns for lost or stolen coupons."

The initial agency determination was upheld by the Administrative Review Staff.

It is this determination which Giant Markets now contests. Plaintiffs contend that § 278.7(f) is not the applicable section of the regulations, rather they seek to apply § 278.7(c), which authorizes the FNS to redeem burned or mutilated coupons, and rely solely on § 278.7(c) in support of their position. They seek review of the administrative decision pursuant to 7 U.S.C.A. § 2023.

■ The jurisdiction of the federal district court to review a decision of the Administrator under the Food Stamp Act is limited "to a determination of the validity of the administrative action." See *Marcus v. U.S. Dept. of Agriculture, Food and Nutrition Service*, 364 F.Supp. 374, 375 (E.D. Pa., 1973); *Eckstut v. Hardin*, 363 F.Supp. 701, 703 (E.D.Pa., 1973). Courts are obliged to accord great deference to an administrative agency's construction of the language of a statute which it administers, and even more clearly, the agency's interpretation of regulations it has drafted. An agency's explication of its regulation, if reasonable, is controlling despite the existence of other interpretations that may seem even more reasonable. *Lucas Coal Company v. Interior Board of Mine Operations Appeals*, 522 F.2d 581, 584 (3d Cir. 1975); *Budd Co. v.*

*Occupational Safety and Health Review Commission*, 513 F.2d 201, 205 (3d Cir. 1975).

A review of all of the proceedings below is made less difficult by the fact that there is no dispute as to any material fact, and therefor no dispute concerning the facts relied on by the administrators in reaching their determination. According to the above outlined principles the question that remains before the Court is whether the agency's interpretation of its regulations and application to this situation is reasonable, and should be affirmed.

■ 7 C.F.R. § 278.1–278.8 governs the participation of retail food stores in the Food Stamp Program. Section 278.7 is addressed to the determination and disposition of claims made by retail food stores and wholesale food concerns. The plain language of § 278.7(f) makes it applicable to the facts before us: "FNS may not be held liable for claims from retail food stores, meal services or wholesale food concerns for lost or stolen coupons." The coupons for which Giant Markets seeks reimbursement were stolen and therefore Giant Markets' claim is clearly within the statutory denial of liability. This is the interpretation adopted by the Administrator, and it is reasonable.

■ However, Giant Markets proffers § 278.7(c) as the provision more applicable to the case at bar:

(c) Burned or mutilated coupons. FNS may redeem burned or mutilated coupons only to the extent that the Bureau of Engraving and Printing of the United States Treasury Department can determine the value of the coupons. The firm presenting burned or mutilated coupons for redemption shall submit the coupons to the local FNS filed office with a properly filled in redemption certificate for entering the amount of coupons to be redeemed, an estimate of the value of the burned or mutilated coupons shall be entered if the exact value of the coupons is unknown.

It is true that the alleged perpetrators of the robbery here informed the police and Giant Markets' security officers that the stolen coupons were burned. No part of them was ever recovered. The claimant relies on this fortuitous act by the thieves, plus the fact that the record made of the prospective deposit lists a value for the items lost to bring them within subsection (c) and allow their claim. This we cannot do. The interpretation of the regulations made by the Administrator that these coupons remain classified as stolen, and thus are governed by 7 C.F.R. § 278.7(f) is a reasonable application of that provision viewed in light of the entire record before us, and the weight which the Court must give to the interpretation and application of regulations by the agency which drafted them, and their finding that Giant Markets cannot recover is therefore valid.

It is a unique situation that these coupons were stolen, and later burned. This latter fact is the only circumstance which might possibly refer Plaintiff to § 278.7(c). It is not only reasonable, however, for the Administrator to find that it is governed by § 278.7(f), but it would be equally unreasonable to try to process the claim under § 278.7(c), if for no other reason than (c) requires redemption to the extent that the Bureau of Engraving can determine the value. Here there are not even particles available to make such a determination.

The Court will affirm the findings of the Administrator in favor of the Department of Agriculture and deny the Plaintiff's claim.