**JUAN BELARDO, SR., Petitioner**

v.

**JOHN BLOCH, Secretary of Agriculture, United States Department of Agriculture, Respondent**

Civil No. 1981/225

District Court of the Virgin Islands

Div. of St. Croix

April 15, 1982

BERTRAM L. CHARLES, ESQ., Christiansted, St. Croix, V.I., *for petitioner*

ERIC B. MARCY, ESQ., Special Assistant United States Attorney, Christiansted, St. Croix, V.I., *for respondent*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

The petitioner filed a petition for writ of review requesting judicial review of an administrative decision by the U.S. Department of Agriculture (hereafter "D.O.A.") to suspend petitioner's store from participating in the Food Stamp Program for one year. A stipulation was entered staying the administrative action pending disposition of this matter. A trial de novo was held on February 25, 1982, before the undersigned, pursuant to 7 U.S.C. § 2023 (Supp. 1981). At trial, petitioner's counsel argued that the administrative action was invalid. Counsel further argued that if the Court found the suspension to be valid, the suspension period should be reduced. It is the opinion of this Court that the decision on the merits was a valid exercise of respondent's authority as allowed by law, and that the

sanction imposed was neither arbitrary nor capricious. The administrative action by the respondent is therefore affirmed.

## I. Standard of Review: The Merits

■■ Judicial review of an administrative decision by the Secretary of the U.S. Department of Agriculture (hereafter "the Secretary") to disqualify a participant in the Food Stamps Program under 7 U.S.C. § 2021[1] is described under federal law in pertinent part:

> If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination . . . . The suit in the United States district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue. If the court determines that such administrative action is invalid, it shall enter such judgment or order as it determines is in accordance with the law and the evidence.

7 U.S.C. § 2023 (Supp. 1981). See also 7 C.F.R. § 279.10(c) (1981). In determining the validity of the Secretary's action, the Court, in Bush v. United States, 473 F.Supp. 715 (E.D. Pa. 1979), set out the standard more explicitly:

> The Court must reach its own factual and legal conclusions and is not limited to matters considered in the administrative

---

[1] This statute provides:

Any approved retail food store or wholesale food concern may be disqualified for a specified period of time from further participation in the food stamp program, or subjected to a civil money penalty of up to $5,000 for each violation if the Secretary determines that its disqualification would cause hardship to food stamp households, on a finding, made as specified in the regulations, that such store or concern has violated any of the provisions of this chapter or the regulations issued pursuant to this chapter. Such disqualification shall be for such period of time as may be determined in accordance with regulations issued pursuant to this chapter. The action of disqualification or the imposition of a civil money penalty shall be subject to review as provided in section 2023 of this title. 7 U.S.C. § 2021 (Supp. 1981).

The Food Stamp Program was established pursuant to the Food Stamp Act. 7 U.S.C. § 2011 et seq. (Supp. 1981).

proceedings . . . . In considering the factual basis of the adminis-
trative determination, the Court must consider the storeowner's
evidence, as well as the Government's evidence, and the burden
is on the plaintiff to prove, by a preponderance of the evidence,
that the agency's factual determination is incorrect.

473 F.Supp. at 717 (citations omitted).

Based on the testimony of the petitioner and the administrative
file submitted by the respondent, the Court finds the following facts:

The petitioner owns a retail grocery store in Frederiksted where
groceries and nonfoodstuff items such as liquor and cigarettes are
sold. On October 1, 1974, the petitioner's store was authorized to
participate in the Food Stamp Program. Sometime in 1980, the
D.O.A. considered petitioner an "excessive redeemer"[2] which
prompted an investigation for possible food stamp violations.

On March 4, 1980, a Food Stamp Program representative visited
the petitioner and informed him about the high redemption rate. In
a follow-up confirmation letter which the petitioner received, the
petitioner was warned to take special care to prevent violations
which could lead to disqualification from the program. In March,
1981, a D.O.A. investigator on five separate occasions used food
stamps to buy ineligible items which included beer, gin, cigarettes
and cleaning detergents for laundry.[3] Petitioner was identified in
the investigative report as the person who sold the items.

On April 24, 1981, petitioner received a letter from the Director of
the Family Nutrition Program of the D.O.A. in Puerto Rico indicat-
ing that he had violated 7 C.F.R. §§ 270–282 by permitting these
purchases. Petitioner responded in a letter dated May 5, 1981,
requesting a reconsideration of the violations found by D.O.A. He
further wrote that the violations, if they occurred, were the result of
"involuntary carelessness" and that he was not warned about the
possibility that such violations were occurring.

On June 5, 1981, a determination to disqualify the petitioner for a
period of one year was made. The petitioner made a timely request
for an administrative review to the Director of the Administrative
Review Staff, Food and Nutrition Services (hereafter "F.N.S.").[4]
After considering the investigator's reports and the letters provided

[2] See the Special Compliance Report or Request for Investigation dated August 22,
1980, in the administrative file, Government's Exhibit A.

[3] Use of food stamps for the purchase of these items is in violation of 7 U.S.C. §
2013(a). See also 7 C.F.R. § 271.2 (1981) (definition of "eligible foods").

[4] Petitioner stated in his letter dated June 15, 1981, that he did not wish to have oral
argument before the Director.

by the petitioner,[5] the F.N.S. administrative review officer determined that the one-year disqualification was appropriate, which finalized the administrative decision of the suspension.

■ Respondent and his representatives have followed step by step the appropriate administrative procedures established in 7 C.F.R. § 278.6 regarding the disqualification of retail or wholesale food concerns.[6] Further, the Court finds that petitioner's testimony

---

[5] The file does not contain a letter by petitioner dated July 24, 1981, but the August 18, 1981, letter by the Administrative Review Officer summarized the contents as: (1) the petitioner did not recall violating the regulations and when they allegedly occurred he was either in the hospital or resting at home, and; (2) about 75% of his sales involved food stamps and without them he may be forced to close. At trial, the petitioner testified that he was ill in June (for 2 months) and had others helping him then. The Court reminded the petitioner that the violations were in March 1981.

[6] This regulation provides:

(a) *Authority to disqualify or subject to a civil money penalty.* FNS may disqualify any authorized retail food store or authorized wholesale food concern from further participation in the program for a reasonable period of time, not to exceed 3 years, as FNS may determine, if the firm fails to comply with the Food Stamp Act or this part. Any firm which has been disqualified and which wishes to be reinstated at the end of the period of disqualification or at any later time shall file a new application so that FNS may determine whether reinstatement is appropriate. The application may be filed starting 10 days before the end of the period of disqualification. FNS may, in lieu of a disqualification, subject the firm [to a] civil money penalty of up to $5,000 for each violation if FNS determines that a disqualification would cause hardship to participating households. For purposes of this section, unless otherwise noted, firm means the ownership or management of an authorized retail food store or wholesale food concern or any person acting on behalf of the ownership or management.

(b) *Charge letter.* Any firm considered for disqualification or imposition of a civil money penalty under paragraph (a) of this section shall have full opportunity to submit to FNS information, explanation, or evidence concerning any instances of noncompliance before FNS makes a final administrative determination. The FNS regional office shall send the firm a letter of charges before the determination. The letter shall specify the violations or actions which FNS believes constitute a basis for disqualification or imposition of a civil money penalty. The letter shall inform the firm that it may respond either orally or in writing to the charges contained in the letter within 10 days of receiving the letter. The firm's response shall set forth a statement of evidence, information, or explanation concerning the specified violations or acts. The firm shall make its response, if any, to the officer in charge of the FNS field office which has responsibility for the project area in which the firm is located.

(c) *Review of evidence.* The letter of charges, the response, and any other information available to FNS shall be reviewed and considered by the appropriate FNS regional office which shall then issue the determination.

(d) *Basis for determination.* The FNS regional office making a disqualification or penalty determination shall consider: (1) the nature and scope of the violations committed by personnel of the firm, (2) any prior action taken by FNS to warn the firm about the possibility that violations are occurring, and (3) any other evidence that shows the firm's intent to violate the regulations.

failed to show, by preponderance of the evidence, that respondent's factual determination was incorrect. It is the opinion of the Court that the decision to disqualify the petitioner was a valid exercise of administrative authority pursuant to the regulations.

## II. Standard of Review: Sanctions

Petitioner's counsel argued at trial that even if this Court should find the petitioner in violation of the Food Stamp Act (hereafter "the Act") and its regulations, the penalty is too severe and it would force petitioner to close down his store.[7]

The courts are split on whether the scope of judicial review extends to the evaluation of sanctions imposed by the Secretary. Some courts hold that they are powerless to review the sanctions imposed when the Secretary's action is found valid. Norwicki v. United States, 536 F.2d 1171 (7th Cir. 1976), cert. denied, 429 U.S. 1092 (1977); Martin v. United States, 459 F.2d 300 (6th Cir.), cert. denied, 409 U.S. 878 (1972). See also Miller v. United States, Department of Agriculture, F. & N. Services, 345 F.Supp. 1131 (W.D. Pa. 1972) (no statutory provision permitting court to review sanction).

Other courts hold that the district court has authority to review the sanctions imposed by the Secretary. The Court, in Cross v. United States, 512 F.2d 1212 (4th Cir. 1975), held that the sanctions were subject to review as a procedural due process safeguard. It also found that to be valid, a sanction must not be arbitrary and capricious. A sanction is arbitrary and capricious if "it is unwarranted in law or without justification in fact." Id. at 1218.[8] The

---

[7] C.F.R. § 278.6(a)–(d) (1981).

Although the Court believed very little of petitioner's testimony at trial, the argument has some merit. In the investigator's report dated March 4, 1980, the investigator reported that petitioner was one of several stores in the area authorized to accept food stamps. The report also stated that competition was great. Further, petitioner alleged that 75% of his business, which was not controverted, is from food stamp recipients. We assume, however, that these factors were taken into account when the respondent's representatives recommended the one-year suspension.

[8] The Seventh Circuit in Norwicki, 536 F.2d at 1178, incorporated into its applicable standard of review of administrative sanctions the language of the U.S. Supreme Court case of Butz v. Glover Livestock Commission Co., 411 U.S. 182, reh'g. denied, 412 U.S. 933 (1973). The U.S. Supreme Court in Butz stated: "Thus, the Secretary's choice of sanction was not to be overturned unless the Court of Appeals might find it 'unwarranted in law or . . . without justification in fact.'" Butz, supra, 411 U.S. at 185-6, quoting American Power Co. v. SEC, 329 U.S. 90, 112–13 (1946). The standards are identical but opposite results were reached regarding scope of review.

Court stated, however, that the views of the Secretary are entitled to "very great if not conclusive weight." Id. See also Goodman v. United States, 518 F.2d 505 (5th Cir. 1975) (same standard arrived at by "plain language of statute" interpretation); Bush v. United States, 473 F.Supp. 715 (E.D. Pa. 1979) (follows Cross); Wolf v. United States, 455 F.Supp. 169 (E.D. Mo. 1978) (follows Cross and Goodman).

■ It is this Court's decision to adopt the standard established in Cross, but to apply the rationale of Goodman. We interpret "administrative action," as it is used in 7 U.S.C. § 2023, to include both the determination of the merits and the sanction imposed by the Secretary. See Goodman, supra, 518 F.2d at 510–11. Although the meager legislative history provides that program participants who make timely requests "to have the *determination* of the Secretary set aside"[9] are entitled to judicial review, it is reasonable to interpret the Secretary's "determination" to include the sanction. This review as previously stated, however, is limited. If any alternative sanction is to be imposed, this Court is unwilling to go beyond the rules and regulations established under the Act. See Cross, supra, 512 F.2d at 1218–19.

■ Disqualification for one year is permitted if (1) the evidence shows that it is the store's policy and practice "to sell expensive or conspicuous non-food items, cartons of cigarettes, or alcoholic beverages, in exchange for food coupons", and (2) the store was "warned about the possibility that violations were occurring and the possible consequences of violating the regulations." 7 C.F.R. § 278.6(e)(2). The investigator's purchase on the five occasions from the petitioner himself is sufficient evidence to show that it was the petitioner's policy and practice to sell ineligible food items. See Miller, supra. The petitioner was also sufficiently warned about the violations and the possible disqualification from the Food Stamp Program by the March 4, 1980, visit and the follow-up letter.[10]

■ The sanction imposed by the Secretary, therefore, is not unwarranted in law since the penalty imposed is in compliance under the rules and regulations of the Act. Moreover, the facts are not without justification to penalize petitioner for one year. The one-

---

[9] 1964 U.S. Code Cong. & Ad. News 3275, 3291 (emphasis added).

[10] Petitioner also testified that he had received correspondence from FNS as to what food stamps could buy and he knew that they could not be used to purchase gin, beer, or cigarettes.

year suspension is not arbitrary and capricious and, therefore, petitioner's suspension from the Food Stamp Program is affirmed.

██ ██ Lastly, petitioner's counsel objected to the respondent's failure to produce the investigator, who had "allegedly" brought ineligible food items from petitioner, for testimony and cross-examination. The Court finds this argument to be without merit for three reasons. First, petitioner has the burden of showing that the respondent's factual determination was incorrect. His counsel had access to the administrative file where he could have obtained the investigator's name and subpoenaed him for trial. Second, petitioner's counsel did not object to the admission into evidence of the administrative file (Government's Exhibit A), which included the investigator's reports, and he had seen the file previously. Finally, under the Administrative Procedure Act, when reviewing administrative decisions, this Court is permitted to consider "the whole record . . . cited by a party." 5 U.S.C. § 709 (1977).

## ORDER

THIS MATTER having come before this Court on a petition for writ of review appealing an administrative action by the Secretary of the U.S. Dept. of Agriculture, and the Court after holding a trial de novo pursuant to 7 U.S.C. § 2023 (Supp. 1981), now for the reasons stated in the foregoing Memorandum Opinion, it is hereby

ORDERED:

THAT the administrative action of the Sectretary of the U.S. Dept. of Agriculture is hereby AFFIRMED; and

THAT the stipulation staying the administrative action is hereby REVOKED.