DENNIS, Circuit Judge, specially
concurring.
The majority remands both cases to the district court so that the district court may re-do its Rooker-Feldman and res judica-ta analyses. I agree with the majority that both rulings from the district court as they now stand cannot be affirmed and that the Younger abstention issue is moot. I write specially only because it is our duty to consider the Rooker-Feldman and res judicata issues de novo without remanding it back to the district court. See, e.g., Paulsson Geophysical Servs., Inc. v. Sigmar, 529 F.3d 303, 306 (5th Cir.2008) (Rooker-Feldman); United States v. Davenport, 484 F.3d 321, 326 (5th Cir.2007) (res judicata). We need not concern ourselves with how the district court rules in respect to subject matter jurisdiction and res judicata issues because the appellate court has to examine these issue with a clean slate once the case reaches the appellate level. See, e.g., Goodman v. United States, 518 F.2d 505, 509 (5th Cir.1975). As a practical matter, the losing party below will likely appeal the district court’s rulings after the remand. Since these cases will be remanded to two different district court judges, the two cases may result in conflicting decisions on remand. Both cases would then return here again and we will be in the same position as we are here today, ie., reviewing the decisions de novo, except we would have incurred several months of delay for the parties and added more work for our district courts. At least for the sake of judicial economy *764 and expediency, I believe we should have proceeded to examine these issues.