**AMERICAN NATIONAL FOODS, INC.**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE.**

Civ. No. 7063.

United States District Court, M. D. Tennessee, Nashville Division.

Aug. 14, 1974.

**1022** 

———◆——

H. Stanley Allen, Jr., Nashville, Tenn., for plaintiff.

Charles H. Anderson, U. S. Atty., Nashville, Tenn., for defendant.

## MEMORANDUM

MORTON, District Judge.

This civil action was brought by plaintiff American National Foods, Inc., under the provisions of the Food Stamp Act, Title 7, United States Code, Section 2011 et seq., for judicial review of an administrative decision by the Secretary of the Department of Agriculture to disqualify 7–11 Super Saver # 3, a grocery store operated by plaintiff, from participation in the Food Stamp Program for a period of ninety (90) days.

The administrative record in this case reflects that a charge letter was issued to plaintiff on July 10, 1972, advising that in six (6) transactions on May 25, 1972, June 5, 1972, and June 6, 1972, ineligible items as defined in Department of Agriculture regulations, Title 7, Code of Federal Regulations, Section 270.2(s), were purchased in exchange for food stamps. The charge letter identified the clerk participating in each transaction and the ineligible items sold for food stamps.

Plaintiff was advised in the July 10, 1972, letter that a reply could be submitted pursuant to the provisions of Title 7, Code of Federal Regulations, Section 272.6(b), and that the reply would be considered before any final determination would be made.

Plaintiff requested to reply orally to the charges and did so on July 21, 1972.

Plaintiff also submitted a letter on July 28, 1972, responding to each of the six (6) transactions enumerated in the charge letter. Plaintiff advised that two of the employees involved in the transactions had been reprimanded and a third dismissed due to the violations. Plaintiff did not refute that the violations had occurred.

On September 22, 1972, plaintiff was advised that its grocery store, 7–11 Super Saver # 3, would be disqualified from participation in the Food Stamp Program for a period of six (6) months. Plaintiff was also advised that a review of the disqualification could be requested of the Food Stamp Review Officer. On September 27, 1972, plaintiff requested review of the disqualification.

During the course of review of the disqualification plaintiff requested a hearing, and was allowed a hearing in accordance with regulations set forth at Title 7, Code of Federal Regulations, Section 273.7(c). At the hearing plaintiff outlined steps being taken to prevent future violations of the Food Stamp Act, but again did not refute that the violations described in the charge letter had occurred. Plaintiff also submitted a written summary of the steps being taken to prevent future violations to the Food Stamp Review Officer.

On June 19, 1973, the Food Stamp Review Officer issued his decision upholding the disqualification, but reducing the period of disqualification from six (6) months to ninety (90) days. Plaintiff brought this action pursuant to the Food Stamp Act and the regulations thereunder.

 The Food Stamp Act provides that judicial review in the United States District Court shall be a trial *de novo* in which the Court shall determine the validity of the questioned administrative action. Title 7, United States Code, Section 2022(c). The Court may not modify the period of disqualification if it finds the administrative action valid. Martin v. United States, 459 F.2d 300

(6th Cir. 1972), cert. den. 409 U.S. 878, 93 S.Ct. 129, 34 L.Ed.2d 131 (1972).[1]

A retail food store such as is operated by plaintiff may be disqualified from participation in the food stamp program on a finding, made as specified in the regulations, that such store has violated any provision of the Food Stamp Act or the regulations thereunder. Title 7, United States Code, Section 2020. The Act and regulations provide that sales of ineligible items in exchange for food stamps constitute violations of the Act.

At the trial of this case plaintiff produced testimony from two of the four clerks named in the charge letter to the effect that neither had sold ineligible items for food stamps on the dates set forth in the charge letter.

The United States produced testimony from a Special Agent of the Office of the Inspector General, United States Department of Agriculture, and two investigative aides, hired on an hourly basis by the Special Agent. These persons testified that an investigation was conducted of plaintiff's grocery store and that the two aides purchased the enumerated ineligible items in exchange for food stamps.

Plaintiff has argued that administrative due process was denied in that plaintiff had been denied proof in the administrative proceedings that the alleged violations in fact occurred. The administrative record reflects that plaintiff did not refute the violations or demand proof of the violation.

Upon *de novo* review, the Court finds that the administrative proceedings were conducted in conformity with the regulations of the Department of Agriculture, Title 7, Code of Federal Regulations, Sections 272.6–8, and 273. Plaintiff was given ample opportunity not only to rebut the charges of sales of ineligible items, but also to request proof that the violations did in fact occur. The admin-

istrative record reflects that plaintiff did neither.

With respect to the question of whether *de novo* review shows the administrative action valid, the preponderance of the evidence at the trial of this case establishes that violations of the Food Stamp Act and regulations did in fact occur, and that the administrative decision disqualifying plaintiff's grocery store from participation in the Food Stamp Program is valid and must be sustained.

An appropriate order will issue.