RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0272p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

SYED JAWED AKHTAR-ZAIDI, M.D.,

*Petitioner,*

*v.*

No. 15-3886

DRUG ENFORCEMENT ADMINISTRATION,

*Respondent.*

On Petition for Review of a Final Order of
the Drug Enforcement Administration.
No. 14-2.

Decided and Filed: November 15, 2016

Before: CLAY, ROGERS, and KETHLEDGE, Circuit Judges.

_____

**COUNSEL**

_____

**ON BRIEF:** Lena D. Watkins, Anita J. Gay, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. Syed Akhtar-Zaidi, Cleveland, Ohio, pro se.

_____

**ORDER**

_____

PER CURIAM. Syed Jawed Akhtar-Zaidi, M.D. (Dr. Zaidi), an Ohio physician proceeding pro se, seeks review of a final decision of the Administrator of the Drug Enforcement Administration (DEA) affirming an immediate suspension order (ISO) suspending the certificate of registration that permitted him to dispense controlled substances. Dr. Zaidi also seeks to proceed in forma pauperis for purposes of this review. *See* Fed. R. App. P. 24. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

1

From September 2012 until May 2013, three undercover DEA agents posed as patients under Dr. Zaidi's care as a part of an investigation into Dr. Zaidi's controlled substances prescription practices.  As a result of this investigation, the DEA Deputy Administrator suspended Dr. Zaidi's controlled substances prescription privileges on the basis that his continued registration posed an imminent danger to the public health and safety.  *See* 21 C.F.R. § 1301.36(e); 21 U.S.C. § 824(d).  DEA agents also seized controlled substances from Dr. Zaidi's offices.  Dr. Zaidi requested a hearing before an administrative law judge (ALJ).

Dr. Zaidi attempted to supplement his prehearing statement to include additional witnesses after the time for doing so had expired.  The ALJ denied Dr. Zaidi's request. A two-day hearing was conducted in December 2013.  Dr. Zaidi then submitted an offer of proof outlining what the testimony of his additional witnesses, including his expert, employees, and former patients, would have been.  The ALJ recommended that the ISO and seizure of controlled substances from Dr. Zaidi's office be affirmed and that his registration be revoked.  *Syed Jawed Akhtar-Zaidi*, 80 Fed. Reg. 42,962, 42,986 (DEA July 20, 2015).  Dr. Zaidi's registration expired on June 30, 2014, and he has not attempted to renew it.

The Administrator affirmed the ISO and seizure of controlled substances, but declined to adopt the ALJ's recommendation to revoke Dr. Zaidi's registration, finding that the issue was moot due to the expiration of Dr. Zaidi's registration and his decision not to seek renewal.  *Id*. The Administrator found that the government had satisfied its prima facie burden under 21 U.S.C. § 824 by showing that Dr. Zaidi's continued registration was not in the public interest, basing its finding on the conclusion that Dr. Zaidi prescribed controlled substances outside the usual course of professional practice without a legitimate medical purpose and violated state and federal law by (1) prescribing medication without patients' addresses, (2) overstating the nature and extent of examinations conducted and pain levels reported by patients, and (3) failing to comply with state requirements relating to the treatment of chronic pain.  *Syed Jawed Akhtar-Zaidi*, 80 Fed. Reg. at 42,962.

Dr. Zaidi now seeks this court's review, advancing six arguments:  (1) the ALJ arbitrarily and capriciously denied him the opportunity to present testimony from an expert, employees, and former patients; (2) there was insufficient evidence to support the ISO; (3) the government failed

to make a prima facie showing that his continued registration was inconsistent with the public interest; (4) his prescriptions to the three undercover officers were not outside the usual course of professional practice and did not lack a legitimate medical purpose; (5) he did not falsify medical records; and (6) the sanction imposed by the ISO, which is effectively a revocation, is disproportionately harsh. The government responds that substantial evidence supports the Administrator's finding that Dr. Zaidi repeatedly prescribed controlled substances in a manner inconsistent with the public interest, and that issuance of the ISO was a proper exercise of the Deputy Administrator's discretion.

The Administrator's decision will be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Review under this standard is "highly deferential." *Latin Ams. for Soc. & Econ. Dev. v. Fed. Highway Admin*., 756 F.3d 447, 464 (6th Cir. 2014). A court "is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n of the U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

A court determines "whether the [agency] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Id.* The Administrator "must 'examine the relevant data' and the record must reflect 'a rational connection between the facts found and the choice made.'" *Hoxie v. DEA*, 419 F.3d 477, 482 (6th Cir. 2005) (quoting *Motor Vehicle Mfrs. Ass'n.*, 463 U.S. at 43). The Administrator's factual findings are conclusive if supported by substantial evidence. *See* 21 U.S.C. § 877. "Substantial evidence is more than a scintilla of evidence but less than a preponderance . . . ." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Under the Controlled Substances Act, physicians who dispense controlled substances are required to obtain proper registration from the Attorney General. 21 U.S.C. § 822(a)(2). This registration can be suspended or revoked if a registrant "has committed such acts as would render his registration . . . inconsistent with the public interest." 21 U.S.C. § 824(a)(4). The public interest is determined by considering the following factors:

(1) The recommendation of the appropriate State licensing board or professional disciplinary authority.

(2) The applicant's expertise in dispensing, or conducting research with respect to controlled substances.

(3) The applicant's conviction record under Federal or State laws relating to the manufacture, distribution, or dispensing of controlled substances.

(4) Compliance with applicable State, Federal, or local laws relating to controlled substances.

(5) Such other conduct which may threaten the public health and safety.

21 U.S.C. § 823(f). The Administrator "must consider each factor, though he need not make explicit findings as to each one and can 'give each factor the weight [he] determines is appropriate.'" *Volkman v. DEA*, 567 F.3d 215, 222 (6th Cir. 2009) (quoting *Hoxie*, 419 F.3d at 482).

Pursuant to § 823(f)(4), a registrant's compliance with applicable state and federal controlled substance laws is relevant to determining the public interest under § 824(a)(4). Under federal law, "[a] prescription for a controlled substance . . . must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a). Moreover, "[a]ll prescriptions for controlled substances shall be dated as of, and signed on, the day when issued and shall bear the full name and address of the patient." 21 C.F.R. § 1306.05(a).

In Ohio, chronic pain is defined as "pain that has persisted after reasonable medical efforts have been made to relieve the pain or cure its cause and that has continued, either continuously or episodically, for longer than three continuous months." Ohio Rev. Code § 4731.052(A)(1). When prescribing controlled substances for chronic pain or intractable pain on a protracted basis, physicians should establish and document a medical diagnosis that includes more than just intractable pain, "but also the signs, symptoms, and causes and, if determinable, the nature of the underlying disease and pain mechanism." Ohio Admin. Code § 4731-21-02.

Dr. Zaidi challenges the Administrator's finding that his continued registration would be inconsistent with the public interest. Specifically, he argues that he did not prescribe controlled substances outside the usual course of professional practice or without a legitimate medical purpose, that he did not falsify medical records, and that he complied with appropriate practices in prescribing controlled substances for chronic pain. However, the record is replete with

evidence supporting the Administrator's finding. For example, the government's expert testified that Dr. Zaidi's prescriptions were not issued for a legitimate medical purpose because his medical diagnoses were unsupported by the nature and extent of the examinations he conducted and the limited information received from the undercover officers. Dr. Zaidi also prescribed controlled substances despite lacking the address of one of the officers. And after treating the undercover officers for more than three months, Dr. Zaidi continued to prescribe more and stronger controlled substances without an appropriate working diagnosis in violation of Ohio law. Accordingly, there is substantial evidence supporting the finding that suspending Dr. Zaidi's registration is in the public interest.

Dr. Zaidi's argument that the ALJ arbitrarily and capriciously denied him the opportunity to present testimony from his expert, Dr. Richard Stieg, does not alter this conclusion. The ALJ's decision to preclude Dr. Stieg from testifying is at most harmless error. Even if Dr. Stieg had been permitted to testify and the ALJ had credited his testimony regarding the standard of care, the Administrator could still find that permitting Dr. Zaidi to continue prescribing controlled substances is not in the public interest. Dr. Stieg's proffered testimony does not touch upon the lawfulness of falsifying medical reports by exaggerating reported pain levels and reporting that certain examinations were performed when in fact they were not. Nor does Dr. Stieg's testimony touch upon Dr. Zaidi's prescription of controlled substances to undercover officers without patient addresses.

Dr. Zaidi's argument that he did not falsify medical records is unpersuasive. The record is replete with evidence that Dr. Zaidi falsified each officer's medical record at nearly every visit. Specifically, the officers' medical records indicate results of tests that were never conducted. The government's expert testified that Dr. Zaidi falsely reported the officers' pupils' reactivity to light, their heart and chest sounds, the condition of their abdomens, their lower extremity sensory and motor condition, and their limbs' range of motion, leading to an untenable diagnosis from which to prescribe controlled substances. Additionally, patient records indicate reported pain levels higher than what was actually reported by the officers. Thus, there was substantial evidence that Dr. Zaidi had falsified medical records.

Finally, Dr. Zaidi contends that the Administrator's order upholding the ISO operates as a revocation and is unduly harsh under the circumstances. "Determination of a sanction to be applied by an administrative agency, if within bounds of its lawful authority, is subject to very limited judicial review." *Woodard v. United States*, 725 F.2d 1072, 1077 (6th Cir. 1984). "The reviewing court's function is only to 'determine the validity of the questioned administrative action,' not to review the sanctions." *Id.* (quoting *Martin v. United States*, 459 F.2d 300, 302 (6th Cir. 1972)).

The immediate suspension of a certificate of registration to dispense controlled substances is within the Deputy Administrator's lawful authority, *see* 28 C.F.R. §§ 0.100(b), 0.104, App. § 12, when "there is an imminent danger to the public health or safety." 21 U.S.C. § 824(d)(1). An "'imminent danger to the public health or safety' means that, due to the failure of the registrant to . . . comply with the obligations of a registrant . . . there is a substantial likelihood [that] . . . abuse of a controlled substance will occur in the absence of an immediate suspension of the registration." 21 U.S.C. § 824(d)(2).

Dr. Zaidi's failure to comply with state and federal laws concerning the dispensing of controlled substances created a substantial likelihood that abuse of controlled substances would occur in the absence of an immediate suspension. The decision to immediately suspend Dr. Zaidi's registration was therefore "within the bounds of [the Deputy Administrator's] lawful authority." *Woodard*, 725 F.2d at 1077.

Accordingly, Dr. Zaidi's motion for leave to proceed in forma pauperis is GRANTED for purposes of this review only, and his petition for review is DENIED.